1  Joaquin G. Avila (State Bar No. 56484)
   634 South Spring Street, 11th Floor
2  Los Angeles, California 90014
   Telephone: 206-398-4117
3  Facsimile: 206-398-4036

4  RUTAN & TUCKER, LLP
   John A. Ramirez, jramirez@rutan.com (State Bar No. 184151)
5  Mark J. Austin, maustin@rutan.com (State Bar No. 208880)
   611 Anton Boulevard, Fourteenth Floor
6  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
7  Facsimile: 714-546-9035

8  Attorneys for Plaintiffs
   ROSARIO MADRIGAL, SABAS RANGEL, and MARIA BUELL

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE COURTHOUSE

| | |
|---|---|
| ROSARIO MADRIGAL; SABAS RANGEL; and MARIA BUELL,<br><br>Plaintiffs,<br><br>vs.<br><br>THE COUNTY OF MONTEREY, a governmental corporation formed under the laws of the State of California; THE BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; and TONY ANCHUNDO, in his official capacity as the Registrar of Voters for the County of Monterey,<br><br>Defendants. | Case No. C06-01407<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>[Certification as to Interested Entities or Persons] |

Plaintiffs hereby allege as follows:

## INTRODUCTION

1. This action, which is brought under the Voting Rights Act of 1965, 42 U.S.C. section 1973aa-1a(c), and 42 U.S.C. section 1983 and 1988, seeks declaratory and injunctive relief against Monterey County, its Board of Supervisors, and its elections officials (hereinafter, at times, "Defendants"). Defendants are charged with overseeing the initiative-election process in Monterey County.

2. This is an action to compel Defendants to ensure that initiative petitions, the statutorily-required title and summary, and other textual requirements relating to the initiative-election process, are printed and circulated in Spanish, a designated minority language, as well as in English, because the County is required to provide bilingual voting materials pursuant to the Voting Rights Act of 1965, 42 U.S.C. section 1973 *et seq.*, as amended. The failure of the County to ensure the promulgation and circulation of initiative petitions and their related textual requirements in Spanish, as required by 42 U.S.C. section 1973aa-1a(c), deprives Plaintiffs of their ability to participate fully in the electoral process.

## THE PARTIES

3. Plaintiff Rosario Madrigal ("Madrigal") is, and at all times relevant hereto was, a citizen of the United States, and a citizen and resident of the County of Monterey, State of California. Madrigal is registered to vote in the County of Monterey ("County" or "Monterey County"). Madrigal's primary language is Spanish, and Madrigal is "limited-English proficient" under section 203 of the federal Voting Rights Act of 1965, 42 U.S.C. § 1973aa-1a(b)(3)(B). Madrigal signed the Initiative challenged in this action (defined below) based on erroneous representations made to Madrigal by petition circulators. Because the Initiative, its title and summary, and its related textual requirements were not printed and circulated in Spanish, Madrigal was unable to read and understand the purpose and effect of the Initiative. Had Madrigal been able to read and understand the purpose and effect of the Initiative, she would not have signed the Initiative and would instead have campaigned in opposition to it based on her belief, among others, that the Initiative represents poor policy for the County. As a resident voter and taxpayer

1  of the County, Madrigal has standing to prosecute this action based on her interest and right to not
2  be subject to an illegal election.

3      4.      Plaintiff Sabas Rangel ("Rangel") is, and at all times relevant hereto was, a citizen
4  of the United States, and a citizen and resident of the County of Monterey, State of California.
5  Rangel is registered to vote in the County. Rangel's primary language is Spanish, and Rangel
6  speaks no English whatsoever. Rangel is "limited-English proficient" under section 203 of the
7  federal Voting Rights Act of 1965, 42 U.S.C. § 1973aa-1a(b)(3)(B). Rangel is a 66-year old
8  retiree living in the County. Rangel is concerned about quality of life, housing, and affordability
9  issues in the County, and to this end is an active civic participant on, and attempts to keep himself
10 informed on, political and governmental issues that affect him and his family. Recently, Rangel
11 attempted to participate in the County's electoral process by informing himself of the character
12 and content of the Initiative (defined below), but could not locate a copy of the Initiative petition
13 that was printed and circulated in Spanish. In fact, no section of the Initiative petition (including
14 its statutorily-required additional contents) was printed and circulated in Spanish. As such, Rangel
15 was effectively prevented from exercising a fundamental petition right guaranteed to him under
16 the California Constitution. As a resident voter and taxpayer of the County, Rangel has standing
17 to prosecute this action based on his interest and right to not be subject to an illegal election.

18      5.      Plaintiff Maria Buell ("Buell") is a citizen and voter in Monterey County. Buell
19 speaks both English and Spanish fluently. Buell is and has been active in civil rights causes for
20 many years and to this end has and does seek to enforce the provisions of the Voting Rights Act of
21 1965 through its enforcement provisions. As a resident voter and taxpayer of the County, Buell
22 has standing to prosecute this action based on her interest and right to not be subject to an illegal
23 election.

24      6.      Defendant County of Monterey ("County" or "Monterey County") is, and at all
25 times relevant hereto was, an independent governmental arm of, and formed pursuant to, the laws
26 of the State of California. The County is under a mandatory, non-discretionary legal obligation to
27 refrain from violating the laws of the United States and the State of California. The County is a
28 "covered jurisdiction" under Section 5 of the federal Voting Rights Act of 1965, codified at 42

Rutan & Tucker LLP
attorneys at law

1  U.S.C. § 1973b(b). *See, e.g., Lopez v. Monterey County* (1996) 519 U.S. 9, 11. Because of that
2  designation, the County is subject, among other restrictions, to pre-clearance from the United
3  States Department of Justice or the United States District Court for the District of Columbia if it
4  enacts or seeks to administer changes to its voting practices. In addition, the County is also a
5  "covered jurisdiction" under Section 203 of the Voting Rights Act, codified at 42 U.S.C.
6  § 1973aa-1a, in that five percent or more of the voters in the County are members of a single
7  language minority (namely, Spanish), and the illiteracy rate among this group is higher than the
8  national average. 28 C.F.R. § 55, App. (2005). As a result of being covered by Section 203, the
9  County is subject to the bilingual election provisions of the Voting Rights Act of 1965, 42 U.S.C.
10 section 1973aa-1a(c); 28 C.F.R. Part 55, App. (2005).

11      7.      Defendant Board of Supervisors of the County of Monterey ("Board of
12 Supervisors") is, and at all times relevant hereto was, the governing body of the County. The
13 Board of Supervisors has a mandatory, non-discretionary legal obligation to refrain from violating
14 the laws of the United States and the State of California.

15      8.      Defendant Tony Anchundo ("Anchundo") is, and at all times relevant hereto was,
16 the Registrar of Voters of the County. In that capacity, Anchundo is charged with the duty of
17 overseeing and ensuring the legality of public elections within the County, including the election
18 scheduled for June 6, 2006. Anchundo is named in this action solely in his official capacity as the
19 Registrar of Voters of the County. Anchundo has a mandatory, non-discretionary legal obligation
20 to refrain from violating the laws of the United States and the State of California.

## JURISDICTION AND VENUE

22      9.      This Court has jurisdiction under 28 U.S.C. sections 1331 (federal question),
23 1343(a)(3) and (4) (civil rights), and 2201 and 2202 (declaratory relief). This action arises under
24 42 U.S.C. sections 1973aa-1a, 1983, and 1988.

25      10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) (at least one
26 defendant resides in this district and all defendants reside in this state) and 1391(b)(2) (a
27 substantial part of the events or omissions giving rise to the case occurred in this district).
28 ///

Rutan & Tucker LLP
attorneys at law

## FACTUAL ALLEGATIONS

11. On or about October 20, 2005, various individuals and entities filed with the County a "Notice of Intention" to circulate an initiative petition ("Initiative"). Pursuant to the California Elections Code, these individuals attached to this Notice of Intention to a complete copy of the proposed Initiative (Cal. Elec. Code § 9103).

12. The proponents of the Initiative seek to have the measure either adopted by the County or placed on the County ballot for the County election scheduled for June 6, 2006. If enacted, the Initiative would effect significant changes to the County's General Plan that would impact all citizens of the County. In essence, through a number of mechanisms— including the redefinition of the General Plan's major land use classifications and the creation of various "urban development boundaries"—the Initiative would severely limit future development in the County by directing such development only to certain limited areas, and requiring that any increase in the number of parcels outside of those limited areas be put to a vote of the entire citizenry of the County.

13. In addition to these changes, the Initiative would also effect major modifications to the Housing Element of the County's General Plan. In fact, approximately 50 pages of the Initiative's text are devoted solely to making substantive changes to this General Plan Element. Under California Housing Element law, the Housing Element is required to plan for the accommodation and creation of the local agency's regional share of affordable housing, including special needs housing for very-low-income, low-income, moderate-income, and farm-worker residents. Recently, special counsel hired by the County opined that the Initiative may be legally invalid for nine separate legal reasons, in addition to the reason set forth in this Complaint.

14. In response to the Notice of Intention prepared in connection with the Initiative, the County was required to prepare a "ballot title and summary" for the Initiative within 15 days. *Id.* at § 9105(a). Pursuant to California law, the County did prepare this ballot title and summary, and provided it to the proponents of the measure. The County has sole responsibility for providing the content of the ballot title and summary, and the ballot title and summary is statutorily required to be placed on each section of the Initiative; any Initiative sections that do not contain a copy of the

1 | ballot title and summary may not be processed by the County elections official. *See* Cal. Elec.
2 | Code § 9108.

3 |     15.    Following receipt of the ballot title and summary from the County, but prior to circulation of the Initiative for signatures, the proponents of the Initiative were required by the California Elections Code to publish a copy of the Notice of Intention, including the ballot title and summary prepared by the County, in a "newspaper of general circulation" in the County. *Id.* at § 9105(b). Plaintiffs are informed and believe that this publication occurred in or about November of 2005.

    16.    Following this publication, the proponents of the Initiative had until 180 days after receipt of the County's ballot title and summary to obtain the requisite number of signatures on the Initiative and present the Initiative to the County for filing. *Id.* at § 9110. On or about November and December of 2005, the proponents of the Initiative undertook this signature-gathering effort. To that end, the proponents and their agents used volunteer and professional, paid signature gatherers to circulate the Initiative throughout the County. No circulator circulated a copy of the Initiative, in whole or in part, in Spanish. Rather, all copies and versions of the Initiative that were circulated (including the ballot title and summary that were a part of the circulated Initiative) were printed only in English, and not in Spanish.

    17.    Plaintiffs allege that (1) the Initiative (including the ballot title and summary and all other statutorily-required provisions contained within the Initiative) was circulated and presented to the voting public solely in English, and not in Spanish, (2) the Notice of Intention and accompanying ballot title and summary were published in a County newspaper solely in English and provided to the County solely in English, and not in Spanish, (3) the County's ballot title and summary drafted by the County and required to be included in the Initiative was prepared solely in English, and not in Spanish, and (4) no copies of the Initiative and the foregoing materials were presented to the voting public in Spanish.

    18.    Plaintiff Madrigal's primary language is Spanish. As such, Madrigal speaks very limited English, and certainly not well enough to understand the complexities of the Initiative when presented solely in English. Madrigal is "limited-English proficient" under section 203 of

the federal Voting Rights Act, 42 U.S.C. § 1973aa-1a(b)(3)(B). Nevertheless, during the period during which the Initiative was circulated, paid signature-gatherers presented the Initiative to Madrigal in English only, and requested that she sign it. When these documents were presented to Madrigal, the signature gatherers explained to her, in English, that the Initiative would help the economy in the County of Monterey.

19. Because the Initiative was not presented to Plaintiff Madrigal in Spanish, she could not understand the import of the Initiative, and she therefore was confused as to whether she should sign the Initiative, reject the Initiative, support the Initiative, or argue against the Initiative to the public. Ultimately, Madrigal signed the Initiative based on statements made by the paid signature gatherers that the Initiative would help create more jobs in the County. Had the Initiative been printed and presented to her in Spanish, Madrigal would have been able to read and understand the Initiative and would not have signed it.

20. Plaintiff Rangel is active in County civic and political issues concerning quality of life, housing, and affordability, and to that end he attempts to participate in, and keep himself informed on, political and governmental issues that affect he and his family. Rangel speaks only Spanish and speaks no English whatsoever. After becoming aware in late 2005 that the Initiative was in circulation in the County, Rangel attempted to participate in the County's electoral process by informing himself of the character and content of the Initiative. However, he could not locate a copy of the Initiative petition that was printed and circulated in Spanish. In fact, no section of the Initiative petition (including its statutorily-required contents, such as the content prepared by and provided by the County) was printed and circulated in Spanish. As such, Rangel was effectively prevented from exercising his fundamental petition right guaranteed to him under the California Constitution. The inability of Rangel to effectively participate in the electoral process because the Initiative was not printed and circulated in Spanish was a violation of the Voting Rights Act.

21. Plaintiff Buell is a citizen and voter in Monterey County. Buell is and has been active in civil rights causes for many years and to this end has and does seek to enforce the provisions of the Voting Rights Act of 1965 through its enforcement provisions. As a resident voter and taxpayer of the County, Buell has standing to prosecute this action based on her interest

and right to not be subject to an illegal election.

22. Under federal law, the County, Anchundo, and the proponents of the Initiative are required to ensure that the Initiative, including the ballot title and summary attached thereto, were circulated to the voting public in Spanish as well as in English. The operative provision of federal law in this regard is section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a. Subsection (c) of that section states as follows:

> Whenever any State or political subdivision subject to the prohibition of subsection (b) of this section provides any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, it shall provide them in the language of the applicable minority group as well as in the English language.

42 U.S.C. § 1973aa-1a(c).

23. Pursuant to federal regulations, the County is a political subdivision that is "subject to . . . subsection (b)" of section 203. 28 C.F.R. § 55, App. (2005). Generally, a political subdivision is subject to subsection (b) if (1) five percent or more of the voters in the political subdivision are members of a single language minority that speaks very limited English, and (2) the illiteracy rate among this group is higher than the national average. 42 U.S.C. § 1973aa-1a(b)(2)(A). With respect to Monterey, the "single language minority" at issue is Spanish.

24. Under recent Ninth Circuit case law, a political subdivision that is covered by section 203 of the Voting Rights Act is required to ensure that petitions, such as recall petitions and initiative petitions, that are circulated to eligible voters for signature, must be presented in the language of the applicable minority under subdivision (b) that section. *Padilla v. Lever* (9th Cir. 2005) 429 F.3d 910 [stating rule]; *see also by analogy United States v. Berks County* (2003 Penn.) 250 F.Supp.2d 525, 536 ("[T]he right to vote means more than the mechanics of marking a ballot or pulling a lever. Here, plaintiffs cannot cast an informed or effective vote without demonstrating an ability to comprehend the registration and election forms and the ballot itself. . . . Such an election process cannot withstand scrutiny under the Voting Rights Act.") Indeed, as recently as January 17, 2006, Judge Klausner of the U.S. District Court for the Central District of California applied *Padilla* and issued a preliminary injunction enjoining the City of Rosemead from proceeding with a recall election on the ground that the recall petition was not circulated in

Spanish, but only in English. Order on Preliminary Injunction, *Imperial v. Castruita*, CV 05-8940-RGK (CWx) (C.D. Cal. Jan. 17, 2006).

25. In this case, the applicable minority language for the County is Spanish, yet neither the Initiative nor the ballot title and summary were presented to the voters in that language. In fact, the proponents of the Initiative failed to circulate the measure in Spanish despite the fact that the *Padilla* case was handed down in November of 2005, just as the proponents' signature-gathering efforts were getting underway. As a result of this failure, a substantial portion of the County's population was effectively excluded from the electoral process relating to the qualification of the Initiative for adoption.

26. Ultimately, in or about January of 2006, the proponents of the Initiative filed the Initiative with the County Election Department, claiming that they had obtained the requisite number of signatures to qualify the measure for adoption. Pursuant to the California Elections Code, the County and Anchundo were then required to review the Initiative for legal compliance and, assuming it was compliant with applicable legal requirements, to process the Initiative pursuant to applicable provisions of the Elections Code. Cal. Elec. Code §§ 9113-9114, 9118. Under settled California law, if the Initiative petitions did not comply with specified format, content, and text requirements, the County and Anchundo were under a ministerial, non-discretionary legal obligation to refuse to process or take any further action on the Initiative, and to not adopt or schedule an election on the Initiative. *Mervyn's v. Reyes* (1998) 69 Cal.App.4th 93.

27. Despite the legal insufficiencies that appeared on the face of the Initiative, including the Initiative's failure to comply with the Voting Rights Act of 1965 by not being printed and circulated in Spanish as required by law, in or about late January of 2006, Anchundo certified the Initiative as containing the requisite number of signatures for either adoption by the County or inclusion on the County ballot in the June 2006 election. In response to that certification, the Board of Supervisors is currently processing the Initiative in accordance with applicable provisions of the Elections Code. *Id.* at § 9118.

28. In possible recognition of the Initiative's deficiencies, however, on or about January 31, 2006, the Board of Supervisors elected to order an independent report pursuant to

Rutan & Tucker LLP
attorneys at law

1  Section 9111 of the California Elections Code, analyzing the impact of the measure on the County.
2  This report is currently scheduled to be presented to the Board at the Board's meeting scheduled
3  for February 28, 2006. The report concludes that the Initiative is legally invalid and void for nine
4  reasons, in addition to those set forth in this Complaint. At that meeting, the Board will decide
5  whether to adopt the Initiative or place it on the ballot for voter consideration.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief Against All Defendants Under 28 U.S.C. §§ 2201 and 2202)

29.  Plaintiffs hereby incorporate by this reference each and every allegation contained in Paragraphs 1 through 28, inclusive, of this Complaint, as if fully set forth herein.

30.  Plaintiffs contend that the Initiative presented to the voting public for signature, including the text and the ballot title and summary contained therein, are invalid under section 203 of the federal Voting Rights Act of 1965, because they were printed and circulated only in English, and not in Spanish. Therefore, the Initiative cannot legally be adopted by the County or presented to the County voters.

31.  Plaintiffs are informed and believe, and based thereon allege, that Defendants contend that the federal Voting Rights Act of 1965 did not require that the Initiative be printed and circulated in Spanish as well as in English, that the Initiative is not invalid on that basis, and that Defendants are therefore entitled to continue to process the Initiative without interference.

32.  An actual controversy has therefore arisen between Plaintiffs and Defendants concerning the validity of the Initiative under section 203 of the Voting Rights Act of 1965, in light of the fact that the Initiative and ballot title and summary were not printed and circulated in Spanish.

33.  Plaintiffs are entitled to a declaratory judgment from this Court under 28 U.S.C. §§ 2201 and 2202, that (1) the Initiative presented to the voting public for signature, including the text and the ballot title and summary contained therein, are invalid under section 203 of the federal Voting Rights Act of 1965, because they were printed and circulated only in English, and not in Spanish, and (2) the Initiative therefore cannot legally be adopted by the County or presented to the County voters.

## SECOND CLAIM FOR RELIEF

### (For Injunctive Relief Against All Defendants Under

### 42 U.S.C. §§ 1973aa-1a, 1983, and 1988, and 28 U.S.C. §§ 1343 and 2202)

34. Plaintiffs hereby incorporate by this reference each and every allegation contained in Paragraphs 1 through 33, inclusive, of this Complaint, as if fully set forth herein.

35. At the present time, the Initiative has been certified by Anchundo, and the County is required to decide, on or before March 10, 2006, whether to either adopt the Initiative or present the Initiative to the voters at the June 6, 2006 election. Cal. Elec. Code §§ 9111, 9118. In either instance, because the Initiative, and the ballot title and summary contained therein, were not circulated for signature in Spanish, thereby excluding Plaintiffs and many other similarly-situated individuals from the electoral and public-debate process relating to the qualification of the Initiative for adoption, adopting the Initiative or allowing it to proceed to a vote would violate the Voting Rights Act of 1965.

36. Defendants have acted under color of statutes, regulations, customs, and usages of the State of California and the County. By their actions, Defendants have deprived Plaintiffs and other registered voters of the County of certain rights, privileges, and immunities secured to them by the United States Constitution and United States laws, including, but not limited to, the right to vote, the right to participate fully, equally, and fairly in the political process, and the right to not be subject to illegal elections.

37. Plaintiffs have no adequate remedy at law to secure the right to fully participate in the political process as guaranteed to them by the Voting Rights Act of 1965. Unless this Court enjoins Defendants from processing, certifying, and/or adopting the Initiative, and from allowing the Initiative to be placed on the ballot in future County elections without first properly circulating the Initiative in compliance with the Voting Rights Act of 1965 and state law, Plaintiffs will be irreparably harmed by their exclusion from the electoral and public-debate process on this issue.

38. Plaintiffs are entitled to the judgment of this Court enjoining Defendants from processing, certifying, and/or adopting the Initiative, and from allowing the Initiative to be placed on the ballot in future County elections without first properly circulating the Initiative in

Rutan & Tucker LLP
attorneys at law

compliance with the Voting Rights Act of 1965 and state law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For a declaratory judgment from this Court, declaring (1) that that the Initiative presented to the voting public for signature, including the text and the ballot title and summary contained therein, are invalid under Section 203 of the federal Voting Rights Act because they were printed and circulated only in English, and not in Spanish, and (2) that the Initiative therefore cannot legally be adopted by the County or presented to the County voters;

2. For preliminary and permanent injunctive relief enjoining Defendants from processing, certifying, and/or adopting the Initiative, and from allowing the Initiative to be placed on the ballot in future County elections without first properly circulating the Initiative in compliance with the Voting Rights Act of 1965 and state law;

3. For attorneys' fees and costs pursuant to federal statute; and

4. For such other and further relief as the Court deems just and proper.

Dated: February 10, 2006

RUTAN & TUCKER, LLP
JOHN A. RAMIREZ
MARK J. AUSTIN

By: _____
John A. Ramirez
Attorneys for Plaintiffs
ROSARIO MADRIGAL, SABAS
RANGEL, and MARIA BUELL

## CERTIFICATION AS TO INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that, as of this date, other than the named parties, there is no financial or other interest to report.

Dated: February 10, 2006

RUTAN & TUCKER, LLP
JOHN A. RAMIREZ
MARK J. AUSTIN

By: _____
John A. Ramirez
Attorneys for Plaintiffs
ROSARIO MADRIGAL, SABAS RANGEL, and MARIA BUELL