OFFICE OF THE MONTEREY COUNTY COUNSEL
CHARLES J. MCKEE (SBN 152458), COUNTY COUNSEL
LEROY W. BLANKENSHIP (SBN 065233), ASSISTANT COUNTY COUNSEL
EFREN N. IGLESIA (SBN 71309), SENIOR DEPUTY COUNTY COUNSEL
168 W. ALISAL, 3RD FLOOR
SALINAS, CA  93901-2680
Telephone:  (831) 755-5045
Facsimile:  (831) 755-5283

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
STEPHEN N. ROBERTS (SBN 062538)
NICOLE A. TUTT (SBN 179244)
50 CALIFORNIA STREET, 34TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4799
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
Email: montereycase@nossaman.com

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
JOHN J. FLYNN III (SBN 076419)
18101 VON KARMAN AVENUE
IRVINE, CA  92612-0177
Telephone: (949) 833-7800
Facsimile: (949) 833-7878
Email: montereycase@nossaman.com

Attorneys for Defendants
THE COUNTY OF MONTEREY, THE BOARD OF SUPERVISORS OF
THE COUNTY OF MONTEREY; AND TONY ANCHUNDO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO MADRIGAL; SABAS RANGEL; and MARIA BUELL, <br><br> Plaintiffs, <br><br> vs. <br><br> THE COUNTY OF MONTEREY,  a governmental corporation formed under the laws of the state of California; THE BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; and TONY ANCHUNDO, in his official capacity as the Registrar of voters for the County of Monterey, <br><br> Defendants. | Case No.:  C 06-01407 JW <br><br> ASSIGNED FOR ALL PURPOSES TO: <br> HON. JAMES WARE <br><br> **DEFENDANTS' REPLY TO *MADRIGAL* CASE PLAINTIFFS' MOTION FOR INJUNCTION** <br><br> Date:　March 21, 2006 <br> Time:　10:00 a.m. <br> Dept:　8 |

## I.   INTRODUCTION

The motion for an injunction submitted by the *Madrigal* case Plaintiffs should be denied, not because the legal arguments relating to the Federal Voting Rights Act lack merit, but because there is no threat on the part of the Defendants that the actions Plaintiffs seek to enjoin will be taken.  As set forth in the Declaration of Defendant Tony Anchundo, and discussed extensively in the briefs relating to the *Melendez* Plaintiffs' motions, the Board of Supervisors voted not to place the matter on the ballot.  Since the harm the *Madrigal* Plaintiffs seek to prevent is holding the election, there is consequently no threatened harm to the *Madrigal* Plaintiffs from Defendants.  While Defendants may disagree on certain points raised in the *Madrigal* Plaintiffs' brief, they agree it is appropriate not to go forward with the election and have acted accordingly.  There is no need for an injunction.

## II.   THERE IS NO THREAT OF COGNIZABLE HARM BY DEFENDANTS

The most basic requirement of injunctive relief is that the plaintiff must show some danger of cognizable harm by defendant.  *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953); *U.S. v. Nutri-Cology, Inc.*, 982 F. 2d 394, 397 (9th Cir. 1992) ("possibility of irreparable harm").  Such a demonstration cannot be made by the *Madrigal* plaintiffs.  The Board determined not to go forward with the election.  There is simply no evidence presented that there is any danger of harm to this group from these Defendants.  Indeed, the *Madrigal* Plaintiffs concede that these Defendants pose no threat of harm to them.  *Plaintiffs' Memorandum of Points and Authorities*, at page 10, line 14 to page 11, line 5.  If the harm of which they complain occurs, it will only be because the Court determines it is proper for the election to go forward as a result of the *Melendez* Plaintiffs' arguments, not any voluntary act by the Defendants.  *Ibid.*  Thus no treat of harm gives rise to injunctive relief against these Defendants.  That is especially the case considering the drastic nature of injunctive relief—making the Defendants subject to contempt power for something they are not threatening to do.

The motion should be denied.

1

2  **III.    CONSOLIDATION**

3        Although it is Defendants' understanding that the Court intends to consolidate the two actions,

4  because a formal written order of consolidation has not yet been issued, this brief will be filed in both

5  the *Madrigal* and *Melendez* cases, to mirror the action that the *Madrigal* Plaintiffs seem to have taken.

6

7  Dated: March 20, 2006                     NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

8

9                                                          / S /
                                            By: _____
10                                              STEPHEN N. ROBERTS

11                                          Attorneys for Defendants
                                            THE COUNTY OF MONTEREY, THE BOARD OF
12                                          SUPERVISORS OF THE COUNTY OF MONTEREY; AND
                                            TONY ANCHUNDO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28