1  Joaquin G. Avila (State Bar No. 56484)
   634 South Spring Street, 11th Floor
2  Los Angeles, California  90014
   Telephone:  206-398-4117
3  Facsimile:   206-398-4036

4  RUTAN & TUCKER, LLP
   John A. Ramirez, jramirez@rutan.com (State Bar No. 184151)
5  Mark J. Austin, maustin@rutan.com (State Bar No. 208880)
   611 Anton Boulevard, Fourteenth Floor
6  Costa Mesa, California  92626-1931
   Telephone:  714-641-5100
7  Facsimile:    714-546-9035

8  Attorneys for Plaintiffs
   ROSARIO MADRIGAL, SABAS RANGEL, and MARIA BUELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE COURTHOUSE

| | |
|---|---|
| ROSARIO MADRIGAL; SABAS RANGEL; and MARIA BUELL,<br><br>            Plaintiffs,<br><br>     vs.<br><br>THE COUNTY OF MONTEREY, a governmental corporation formed under the laws of the State of California; THE BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; and TONY ANCHUNDO, in his official capacity as the Registrar of Voters for the County of Monterey,<br><br>            Defendants. | Case No. C06-01407 RS<br><br>**Consolidated with:**<br>**Case No.  C 06-1730 JW**<br><br>Assigned for all purposes to:<br>Hon. James Ware<br><br>**MADRIGAL PLAINTIFFS' REPLY BRIEF**<br><br><br>**Hearing:**<br>Date:     March 21, 2006<br>Time:    10:00 a.m.<br>Dept.:    8<br><br>Date Action Filed:  February 24, 2006<br>Trial Date:  None Set |
| WILLIAM MELENDEZ; *et al.*,<br><br>            Plaintiffs/Petitioners,<br><br>     vs.<br><br>BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY; *et al.*,<br><br>            Defendants/Respondents. | |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MADRIGAL PLAINTIFFS' REQUEST FOR A PRELIMINARY INJUNCTION

## I.

## ARGUMENT

The *Madrigal* Plaintiffs hereby submit this memorandum of points and authorities in reply to the *Melendez* Plaintiffs' motion for preliminary injunction.[1]

The *Melendez* Plaintiffs' memorandum filed on March 17, 2006 ("*Melendez* Plaintiffs' March 17 Memorandum") raises virtually no issues that were not adequately addressed by the *Madrigal* Plaintiffs' March 17, 2006 briefs. Therefore, the *Madrigal* Plaintiffs will only briefly address several points in this memorandum that bear emphasis.

The *Melendez* Plaintiffs' March 17 Memorandum is based in several false premises and straw men. Each will be addressed below.

The first straw man erected by the *Melendez* Plaintiffs is their attempt to direct the Court away from Ninth Circuit case law, towards the Tenth Circuit and Eleventh Circuit cases of *Montero v. Meyer*, 861 F.2d 603 (10th Cir. 1988) and *Delgado v. Smith*, 861 F.2d 1489 (11th Cir. 1988). In their effort to direct the Court's attention away from *Padilla v. Lever*, 429 F.3d 910 (9th Cir. 2005) and *Zalvidar v. Los Angeles*, 780 F.2d 823 (9th Cir. 1986), the *Melendez* Plaintiffs claim that Colorado and Florida law allow for intrusive State regulation on par with the initiative provisions involved here, and that this Court should therefore ignore *Padilla* and *Zalvidar* in favor of the Tenth and Eleventh Circuit holdings. The *Melendez* Plaintiffs are simply wrong, on multiple fronts. Indeed, the Ninth Circuit resolved this issue nearly twenty years ago in *Zalvidar*, where it stated:

> The election itself is merely the culmination of the electoral process. ***The range of***

---

[1] On March 17, 2006, the *Melendez* Plaintiffs filed a memorandum of points and authorities in support of their request for an injunction. The *Madrigal* Plaintiffs are assuming that the *Melendez* Plaintiffs' MPA will also serve as an opposition to the *Madrigal* Plaintiffs' request for an injunction also filed on March 17, 2006 and therefore reply to that brief with this memorandum.

1032/024930-0001
693988.01 a03/20/06

-1-

1   *conduct "relating to the electoral process" includes, for example, compliance by*
2   *a would-be voter with statutes regulating registration and compliance with other*
3   *statutes to place a name or an issue on the ballot*.  That the state or a political
4   subdivision has mandated by law that certain preliminary steps be taken by the
5   would-be voter, the candidate for office, *or the proponents of an issue* does not in
6   any sense absolve the governmental entity of its responsibility under the Voting
7   Rights Act.  Such compelled acts are far removed from those voluntarily
8   undertaken by a candidate, *such as the printing of campaign literature*.

9   *Zalvidar*, 780 F.2d at 833 (emphasis added).  The Court's reference to "*the proponents of an*
10  *issue" clearly refers to California's initiative process.*  Indeed, the *Melendez* Plaintiffs' current
11  counsel was the same counsel who argued for such a broad reading of the Voting Rights Act in
12  *Zalvidar*.  By preparing (at State expense) a title and summary that is required to be on multiple
13  pages of the Initiative, by the express terms of the analyses contained in both *Zalvidar* and
14  *Padilla*, initiative measures are subject to the multiple language requirements of the Voting Rights
15  Act.  At the very least, the Title and Summary is both "provided by" the State and "relates to" an
16  election.  And by their very terms, both the *Zalvidar* and *Padilla* cases only exempted *private*
17  *campaign literature* from coverage of the Voting Rights Act, *not* the highly-regulated limited
18  public forums that California law deems initiative petitions to be.  *See San Francisco 49ers v.*
19  *Nishioka*, 75 Cal.App.4th 637, 648 (1999).  In this regard, the *Melendez* Plaintiffs ignore the
20  numerous other State-required content – in addition to the State provided and funded Title and
21  Summary – that is required to be contained within initiative petitions, including a WARNING TO
22  VOTERS.  *See* Elec. Code §§ 9101, 9109, 100, 101.

23  Moreover, in *Montero*, the 10th Circuit noted that "during the circulation process, those
24  who are opposed to the adoption of the measure are limited to refusing to sign the petition or
25  speaking out against it.  There is no other means to register opposition under the Colorado
26  procedure until the measures reaches the ballot."  *Montero*, 861 F.2d at 607.  In contrast, under
27  California law, the Elections Code expressly permits "withdrawal campaigns" that allow voters to
28  withdraw signatures once they have signed petitions.  *See* Elec. Code § 9602.  The Declaration of

Maria Buell demonstrates the irreparable injury that has occurred in this context as a result of the *Melendez* Plaintiffs' failure to adhere to *Zalvidar* and *Padilla*.  See Buell Decl. at ¶ 16.  Moreover, the dissenting Judge in *Padilla* clearly understood that the majority opinion would apply to both recall and initiative petitions.  *See Padilla*, 429 F.3d at 924-26.  In this regard, the *Padilla* decision itself had less to do with a comparison of California law versus Colorado and Florida law, and more to do with a prototypical Section 203 analysis, which looks at whether the State "provides" material that is "related to" an election.  Under this analysis, at the very least, the Title and Summary clearly falls under the coverage of Section 203.

In sum, under any fair and honest reading of both *Zalvidar* and *Padilla*, it is clear that the rationale of both cases clearly applies to initiative petitions.  And because they are opinions of the Ninth Circuit, they are binding on District Courts throughout the Circuits.  The *Melendez* Plaintiffs' attempts to reject the rationale of each case, and instead import the alleged rationale of *Montero* and *Delgado* lies with the Ninth Circuit, not with this Court.  *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).

The second attempt at deflection by the *Melendez* Plaintiffs is found in footnote six of their March 17 Memorandum, where they attempt to claim that initiative petitions do not "relate to" an election because under California's initiative process, the local agency can adopt an initiative instead of calling an election to save the expense of an election.  Little needs to be said about this, for this does nothing to alter the conclusion that *Zalvidar* and *Padilla* apply to initiative petitions.  In this case, for example, the only possibility that exists is that an election will be held.  Moreover, in light of the one hundred years of the use of the State's initiative process, only one case exists where the local agency actually adopted an initiative measure, as opposed to calling an election.  But more to the point, both the *Montero* and *Delgado* cases held that the act of signing a petition was not the functional equivalent of voting.  *See Montero*, 861 F.2d at 607 ("Hence, nomination and voting are two different and mutually exclusive acts by definition.")  ***In contrast, the* Padilla *court reached the exact opposite conclusion, as has the California Supreme Court***.  *See Padilla*, 429 F.3d at 921-22 ("[I]n the First Amendment context, the right to vote is inextricably tied to the right to petition and petition signatures are treated the same as votes for constitutional purposes.");

1 | *DeVita v. Napa*, 9 Cal.4th 763, 786 (1995) ("**When the people exercise their right of initiative,**
2 | **then public input occurs in the act of proposing and circulating the initiative itself**, and at the
3 | ballot box.")  Again, the *Melendez* Plaintiffs' complaints lie with the Ninth Circuit, not with this
4 | Court.
5 |       Lastly, the *Melendez* Plaintiffs' attempts to cast aspersions on the County and their counsel
6 | should be rejected outright.  The proponents of this Initiative (Landwatch) is one of the most
7 | wealthy environmental groups in the nation.  They had many additional months to circulate their
8 | measure and could have easily printed copies of the measure in Spanish.  They failed to do so at
9 | their own peril.

## II.

## <u>CONCLUSION</u>

The *Madrigal* Plaintiff's request for an injunction should be GRANTED and the *Melendez* Plaintiffs' request for an injunction should be DENIED.

/s/ Mark J. Austin

Mark J. Austin
Attorneys for Plaintiffs
ROSARIO MADRIGAL, SABAS
RANGEL, and MARIA BUELL

**TABLE OF CONTENTS**

| | Page |
|---|---|
| I. ARGUMENT | 1 |
| II. CONCLUSION | 4 |

**TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Delgado v. Smith*,
   861 F.2d 1489 (11th Cir. 1988)..................................................................................1, 3

*Hart v. Massanari*,
   266 F.3d 1155 (9th Cir. 2001).........................................................................................3

*Montero v. Meyer*,
   861 F.2d 603 (10th Cir. 1988)................................................................................1, 2, 3

*Padilla v. Lever*,
   429 F.3d 910 (9th Cir. 2005)..................................................................................1, 2, 3

*Zalvidar v. Los Angeles*,
   780 F.2d 823 (9th Cir. 1986)..................................................................................1, 2, 3

**STATE CASES**

*DeVita v. Napa*,
   9 Cal. 4th 763 (1995)......................................................................................................3

*San Francisco 49ers v. Nishioka*,
   75 Cal. App. 4th 637 (1999) ..........................................................................................2

**FEDERAL STATUTES**

Voting Rights Act of 1965
   § 203 ..............................................................................................................................3

**STATE STATUTES**

California Elections Code
   § 100 ..............................................................................................................................2
   § 101 ..............................................................................................................................2
   § 9101 ............................................................................................................................2
   § 9109 ............................................................................................................................2
   § 9602 ............................................................................................................................2