OFFICE OF THE MONTEREY COUNTY COUNSEL
CHARLES J. MCKEE (SBN 152458), COUNTY COUNSEL
LEROY W. BLANKENSHIP (SBN 065233), ASSISTANT COUNTY COUNSEL
EFREN N. IGLESIA (SBN 71309), SENIOR DEPUTY COUNTY COUNSEL
168 W. ALISAL, 3RD FLOOR
SALINAS, CA  93901-2680
Telephone:  (831) 755-5045
Facsimile:  (831) 755-5283

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
STEPHEN N. ROBERTS (SBN 062538)
NICOLE A. TUTT (SBN 179244)
50 CALIFORNIA STREET, 34TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4799
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
Email: montereycase@nossaman.com

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
JOHN J. FLYNN III (SBN 076419)
18101 VON KARMAN AVENUE
IRVINE, CA  92612-0177
Telephone: (949) 833-7800
Facsimile: (949) 833-7878
Email: montereycase@nossaman.com

Attorneys for Defendants/Respondents
BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY;
TONY ANCHUNDO, IN HIS CAPACITY AS MONTEREY COUNTY
REGISTRAR OF VOTERS; AND THE COUNTY OF MONTEREY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE COURTHOUSE

| In Re County Of Monterey Initiative Matter | ) Case No.:  C06-01407 JW |
|---|---|
| | ) |
| | ) ANSWER TO COMPLAINT FOR |
| | ) DECLARATORY RELIEF AND INJUNCTIVE |
| | ) RELIEF OF MADRIGAL PLAINTIFFS |
| | ) |
| | ) |

The following is the answer to the Complaint in Case No. C 06-01407 JW, originally styled

*Madrigal, et al. v. The County of Monterey, et al.*  The County of Monterey ("the County"), The Board of

Supervisors of the County of Monterey ("the Board of Supervisors"), and Tony Anchundo, in his

official capacity as the Registrar of Voters for the County of Monterey ("Anchundo") (collectively

"Defendants") for their answer to the plaintiffs Rosario Madrigal's, Sabas Rangel's, and Maria Buell's

Complaint for Declaratory and Injunctive Relief ("Complaint") herein, answer as follows:

## PRELIMINARY STATEMENT AND DEFINITION  OF TERM USED THROUGHOUT THE ANSWER

This case concerns Defendants' alleged violation of section 203 of the Federal Voting Rights Act of 1965 ("FVRA") by allegedly allowing an initiative petition to be circulated in Monterey County without requiring that certain parts of the initiative and/or the petition be translated into Spanish.  In another case, entitled *William Melendez, et al. v. Board of Supervisors of Monterey County et al*., Case number C 06-01730 JW, which Magistrate Judge Richard Seeborg ordered to be related to this case by his Related Case Order dated March 13, 2006, the proponents of the petition allege that FVRA does not apply to initiative petitions of the kind involved here, and hence that there is no requirement of Spanish translation.  The plaintiffs in *Melendez* have sued Defendants for refusing to either adopt the Initiative or place it on the upcoming electoral ballot.  Defendants are aware of recent Ninth Circuit Court of Appeals authority to the effect that Section 203 of FVRA applies to petitions seeking the recall of elected state-level officials, and suggesting that it should also apply to all initiative petitions, regardless of their subject matter.  *See Padilla v. Lever et al*., 429 F.3d 910 (9th Cir. 2005).  Defendants are also aware that a petition for reconsideration *en banc* of that ruling has been filed in that case.  Defendants have followed the *Padilla* case with respect to this initiative petition, because it appeared proper to do so. However, because there is no direct authority determining that Section 203 of FVRA applies in the context of initiative petitions of the kind involved here, and because there is a motion for reconsideration pending in *Padilla*, wherever in their Complaint plaintiffs herein have alleged their interpretation of FVRA or indeed any other statute or legal authority, Defendants have deemed such allegations as "plaintiffs characterization of possibly inapplicable law."

## INTRODUCTION

1.      Except as otherwise stated herein, Defendants deny, for lack of information or belief, plaintiffs' purposes and legal theories in bringing the Complaint.  Defendants admit that Defendants are charged with overseeing the initiative-election process in Monterey County.

2.      Except as otherwise stated herein, Defendants deny, for lack of information or belief, plaintiffs' purposes and legal theories in bringing the Complaint.  To the extent that paragraph 2 of the Complaint alleges anything other than plaintiffs' motives in bringing the Complaint, Defendants deny for lack of information or belief the allegations of paragraph 2.

## THE PARTIES

3.      Defendants deny each allegation of paragraph 3 of the Complaint for lack of information and belief.

4.      Defendants deny each allegation of paragraph 4 of the Complaint for lack of information and belief.

5.      Defendants deny each allegation of paragraph 5 of the Complaint for lack of information and belief.

6.      Defendants admit the allegations of paragraph 6 of the Complaint.

7.      Defendants admit the allegations of paragraph 7 of the Complaint.

8.      Defendants admit the allegations of paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      Defendants submit that the statements contained in paragraph 9 of the Complaint are plaintiffs' characterization of possibly inapplicable law, and are not facts which can be admitted or denied.  To the extent that paragraph 9 of the Complaint contains allegations other than plaintiffs' characterization of the law, Defendants deny each of those allegations for lack of information or belief.

10.     Defendants admit the allegations of paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11.     Except as otherwise set forth herein, Defendants deny each allegation contained in paragraph 11 of the Complaint.  To the extent that the paragraph purports to allege conduct by persons other than these answering Defendants, the denial is for lack of information and belief.

12.     Except as otherwise set forth herein, Defendants admit the allegations contained in paragraph 12 of the Complaint.  To the extent that the paragraph purports to allege the purposes or motives of persons other than these answering Defendants, Defendants deny those allegations for lack of information and belief.

13.     Except as otherwise set forth herein, Defendants admit the allegations contained in paragraph 13 of the Complaint.  Defendants submit that the third sentence of paragraph 13 is plaintiffs' characterization of possibly inapplicable law, and not facts which can be admitted or denied.  To the extent that third sentence of paragraph 13 of the Complaint contains allegations other than plaintiffs' characterization of the law, Defendants deny each of those allegations for lack of information or belief.

14.     Defendants submit that, except as otherwise set forth herein, the allegations contained in paragraph 14 of the Complaint are plaintiffs' characterization of possibly inapplicable law, and are not facts which can be admitted or denied.  Defendants admit that the County did prepare a ballot title and summary for the Initiative, and provided it to the proponents of the Initiative.  To the extent that the remaining allegations of paragraph 14 of the Complaint contain anything other than plaintiffs' characterization of the law, Defendants deny those allegations for lack of information or belief.

15.     Defendants submit that, except as otherwise set forth herein, the allegations contained in paragraph 15 of the Complaint are plaintiffs' characterization of possibly inapplicable law, and are not facts which can be admitted or denied.  Defendants admit, on information and belief, that the publication of the Notice of Intention referred to in paragraph 15 occurred in or about November of 2005.  To the extent that the remaining allegations of paragraph 15 of the Complaint contain anything other than plaintiffs' characterization of the law, Defendants deny those allegations for lack of information or belief

16.     Except as otherwise set forth herein, Defendants admit the allegations contained in paragraph 16 of the Complaint.  Defendants submit that the first sentence of paragraph 16 contains plaintiffs' characterization of possibly inapplicable law, and not facts which can be admitted or denied. To the extent that the first sentence of paragraph 16 of the Complaint contains anything other than plaintiffs' characterization of the law, Defendants deny those allegations for lack of information or belief

17.     Except as otherwise set forth herein, Defendants admit the allegations contained in paragraph 17 of the Complaint.  To the extent that paragraph 17 alleges conduct by persons other than these answering Defendants, Defendants deny those allegations for lack of information and belief.

18.     Except as otherwise set forth herein, Defendants deny the allegations contained in paragraph 18 of the Complaint.  To the extent that paragraph 18 alleges the state of mind of, the knowledge of, the abilities of, and/or conduct by persons other than these answering Defendants, Defendants deny those allegations for lack of information and belief.

19.     Except as otherwise set forth herein, Defendants deny the allegations contained in paragraph 19 of the Complaint.  To the extent that paragraph 19 alleges the state of mind of, the knowledge of, the abilities of, and/or conduct by persons other than these answering Defendants, Defendants deny those allegations for lack of information and belief.

20.     Except as otherwise set forth herein, Defendants deny the allegations contained in paragraph 20 of the Complaint.  To the extent that paragraph 20 alleges the state of mind of, the knowledge of, the abilities of, and/or conduct by persons other than these answering Defendants, Defendants deny those allegations for lack of information and belief.  Defendants submit that the last two sentences of paragraph 20 of the Complaint contain plaintiffs' characterization of possibly inapplicable law, and not facts which can be admitted or denied.  To the extent that the last two sentences of paragraph 20 of the Complaint contain anything other than plaintiffs' characterization of the law, Defendants deny those allegations for lack of information or belief.

21.     Except as otherwise set forth herein, Defendants deny the allegations contained in paragraph 21 of the Complaint.  To the extent that paragraph 21 alleges the state of mind of, the knowledge of, the abilities of, and/or conduct by persons other than these answering Defendants, Defendants deny those allegations for lack of information and belief.  Defendants submit that the last sentence of paragraph 21 of the Complaint contains plaintiffs' characterization of possibly inapplicable law, and not facts which can be admitted or denied.  To the extent that the last sentence of paragraph 21 of the Complaint contains anything other than plaintiffs' characterization of the law, Defendants deny those allegations for lack of information or belief.

22.     Defendants submit that paragraph 22 of the Complaint contains only plaintiffs' characterization of possibly inapplicable law, and not facts which can be admitted or denied.  To the extent that paragraph 22 contains allegations other than plaintiffs' characterization of possibly inapplicable law, Defendants deny the allegations for lack of information and belief.

23.     Except as otherwise set forth herein, Defendants admit the allegations of paragraph 23 of the Complaint.  Defendants submit that the second sentence of paragraph 23 of the Complaint contains only plaintiffs' characterization of possibly inapplicable law, and not facts which can be admitted or denied.  To the extent that the second sentence of paragraph 23 contains allegations other than plaintiffs' characterization of possibly inapplicable law, Defendants deny the allegations for lack of information and belief.

24.     Defendants submit that paragraph 24 of the Complaint contains only plaintiffs' characterization of possibly inapplicable law, and not facts which can be admitted or denied.  To the extent that paragraph 24 contains allegations other than plaintiffs' characterization of possibly inapplicable law, Defendants deny the allegations for lack of information and belief.

25.     Except as otherwise set forth herein, Defendants admit the allegations of paragraph 25 of the Complaint.  To the extent that paragraph 25 alleges conduct by persons other than these answering Defendants, Defendants deny those allegations for lack of information and belief.

26.     Except as otherwise set forth herein, Defendants admit the allegations of paragraph 26 of the Complaint.  Defendants submit that the second and third sentences of paragraph 26 of the Complaint contain only plaintiffs' characterization of possibly inapplicable law, and not facts which can be admitted or denied.  To the extent that the second and third sentences of paragraph 26 contain allegations other than plaintiffs' characterization of possibly inapplicable law, Defendants deny the allegations for lack of information and belief.

27.     Except as otherwise set forth herein, Defendants deny the allegations of paragraph 27 of the Complaint.  Defendants admit that "Anchundo certified the Initiative as containing the requisite number of signatures for either adoption by the County or inclusion on the County ballot in the June 2006 election."

28.     Except as otherwise set forth herein, Defendants deny the allegations of paragraph 28 of the Complaint.  Defendants admit that on or about January 31, 2006, the Board of Supervisors elected to order an independent report analyzing the impact of the measure on the County.  Defendants admit that the report that was presented to the Board of Supervisors on February 28, 2006 concluded that the Initiative was possibly legally invalid for a number of reasons.

**FIRST CLAIM FOR RELIEF**
**(For Declaratory Relief Against All Defendants Under 28 U.S.C. §§ 2201 And 2202)**

29.     Defendants incorporate by reference each denial, admission and allegation contained in paragraphs 1 through 28 hereof, as if fully set forth herein.

30.     Except as otherwise set forth herein, Defendants submit that the allegations of paragraph 30 of the Complaint consist of plaintiffs' characterization of their contentions, and not facts which can be admitted or denied.  To the extent that paragraph 30 of the Complaint contains allegations other than plaintiffs' characterization of their contentions, Defendants deny the allegations for lack of information and belief.  Defendants admit that the Initiative cannot be legally adopted by the County or presented to the County Voters.

31.     Defendants deny the allegations of paragraph 31 of the Complaint.

32.     Defendants deny the allegations of paragraph 32 of the Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(For Injunctive Relief Against All Defendants Under 42 U.S.C. §§ 1973aa-1a, 1983 and 1988, and 28 U.S.C. §§ 1343 And 2202)**

34.     Defendants incorporate by reference each denial, admission and allegation contained in paragraphs 1 through 33 hereof, as if fully set forth herein.

35.     Except as otherwise set forth herein, Defendants deny the allegations of paragraph 35 of the Complaint.  Defendants submit that the second sentence of paragraph 35 contains plaintiffs' characterization of possibly inapplicable law, and not facts that can be admitted or denied.  To the extent that the second sentence of paragraph 35 of the Complaint contains allegations other than plaintiffs' characterization of possibly inapplicable law, Defendants deny the allegations for lack of information and belief.

36.     Defendants deny the allegations of paragraph 36 of the Complaint.

37.     Defendants deny the allegations of paragraph 37 of the Complaint.

38.     Defendants deny the allegations of paragraph 38 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State A Claim For Relief)**

39.     Plaintiffs' Complaint and each purported "cause of action" contained therein fail to state a claim upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Claims Premature)**

40.     The Complaint, and every cause of action asserted therein, are premature.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Ripeness)**

41.     The Complaint, and every cause of action asserted therein, are not justiciable because they are based on facts that plaintiffs assumed would occur, but that did not in fact occur.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

42.     Plaintiffs have no standing to assert the claims in the Complaint because, among other things, Defendants are informed and believe that plaintiffs are not within the class that the Voting Rights Act was intended to protect.

**FIFTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

43.     At all times mentioned in the Complaint, the injuries or damages alleged therein were either wholly or in part proximately caused by the acts and fault of persons or entities other than these answering defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**(Sovereign Immunity)**

44.     Plaintiff's claims and alleged damages are barred by the doctrine of sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mootness)

45.     Plaintiffs' claims are barred because plaintiffs' Complaint anticipated and alleged actions by Defendants that did not occur.

## EIGHTH AFFIRMATIVE DEFENSE

### (Misconduct Of Others)

46.     The injuries or damages alleged to be suffered by plaintiffs, if any, were the sole proximate result of the willful and/or negligent misconduct of persons or entities other than these answering defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

47.     Any equitable relief sought is barred because the plaintiff has an adequate remedy at law.

48.      WHEREFORE, Defendants County of Monterey, The Board of Supervisors of the County of Monterey, and Tony Anchundo, in his official capacity as the Registrar of Voters for the County of Monterey, pray for relief as follows:

49.     That no judgment be entered in favor of plaintiffs against Defendants;

50.     That no declaration or injunction be entered against Defendants;

51.     That Defendants recover for their fees and expenses and costs of suit; and

52.     For such additional relief as the Court may deem just and proper.

1

## **DEMAND FOR JURY TRIAL**

2          Defendants hereby demand a trial by jury of any and all claims and issues triable of right

3  by a jury.

4

5  Dated: March 20, 2006                    NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
                                            STEPHEN N. ROBERTS
6                                           NICOLE A. TUTT
                                            JOHN J. FLYNN
7
                                                      / S /
8
                                            By: _____
9                                                 STEPHEN N. ROBERTS

10                                          Attorneys for Defendants/Respondents
                                            BOARD OF SUPERVISORS OF THE COUNTY OF
11                                          MONTEREY; TONY ANCHUNDO, IN HIS CAPACITY AS
                                            MONTEREY COUNTY REGISTRAR OF VOTERS; AND
12                                          THE COUNTY OF MONTEREY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28