1  FREDRIC D. WOOCHER (SBN 96689)
   MICHAEL J. STRUMWASSER (SBN 58413)
2  STRUMWASSER & WOOCHER LLP
   100 Wilshire Boulevard, Suite 1900
3  Santa Monica, California 90401
4  Telephone: (310) 576-1233
   Facsimile: (310) 319-0156
5  E-mail: fwoocher@strumwooch.com

6  J. WILLIAM YEATES (SBN 84343)
   KEITH G. WAGNER (SBN 210042)
7  JASON R. FLANDERS (SBN 238007)
   LAW OFFICE OF J. WILLIAM YEATES
8  3400 Cottage Way, Suite K
   Sacramento, CA 95825
9  Telephone: (916) 609-5000
   Facsimile: (916) 609-5001
10 E-mail: byeates@enviroqualitylaw.com

11 Attorneys for Plaintiffs William Melendez et al.
12

13              UNITED STATES DISTRICT COURT
14              NORTHERN DISTRICT OF CALIFORNIA
15

| | |
|---|---|
| IN RE COUNTY OF MONTEREY INITIATIVE MATTER, | CASE NO. C 06-1407 JW |
| WILLIAM MELENDEZ, et al., Plaintiffs, v. BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY, et al., Defendants, | NOTICE OF APPEAL AND REPRESENTATION STATEMENT<br><br>Judge: Hon. James Ware<br>Dept: 8<br><br>BY FAX |
| Consolidated with | |
| ROSARIO MADRIGAL, et al., Plaintiffs, v. COUNTY OF MONTEREY, et al., Defendants. | |

Printed on Recycled Paper

NOTICE OF APPEAL AND REPRESENTATION STATEMENT

# NOTICE OF APPEAL

Notice is hereby given that William Melendez, Ken Gray, Jyl Lutes, Carolyn Anderson, and LandWatch Monterey County, Plaintiffs in the above named consolidated case, appeal to the United States Court of Appeals for the Ninth Circuit from the final Declaratory Judgment and Permanent Injunction entered on March 23, 2006, and from the Order Re: Motions for Injunctive Relief and Declaratory Judgments entered on March 23, 2006. Copies are attached to this notice.

DATE: March 27, 2006

STRUMWASSER & WOOCHER LLP
Fredric D. Woocher
Michael J. Strumwasser

LAW OFFICE OF J. WILLIAM YEATES
J. William Yeates

Keith G. Wagner
Jason R. Flanders

By _____
Fredric D. Woocher

*Attorneys for Plaintiffs-Appellants*
*William Melendez, Ken Gray, Jyl Lutes,*
*Carolyn Anderson, and Landwatch Monterey*

1

# REPRESENTATION STATEMENT

Pursuant to Federal Rule of Appellate Procedure 12(b) and Circuit Rules 3-2 and 12-2, below are the names and addresses of the counsel for each party to the order appealed from:

Fredric D. Woocher (No. 96689)
Michael J. Strumwasser (No. 58413)
Bryce A. Gee (No. 222700)
Strumwasser & Woocher LLP
100 Wilshire Boulevard, Suite 1900
Santa Monica, California 90401
(310) 576-1233

J. William Yeates (No. 84343)
Keith G. Wagner (No. 210042)
Jason R. Flanders (No. 238007)
Law Office of J. William Yeates
3400 Cottage Way, Suite K
Sacramento, CA 95825
(916) 609-5000

*Attorneys for Plaintiffs-Appellants William Melendez, Ken Gray, Yul Lutes, Carolyn Anderson, and LandWatch Monterey County.*

Stephen N. Roberts
Nossaman, Guthner, Knox & Elliott, LLP
50 California Street, 34th Floor
San Francisco, CA 94111-4799
(415) 398-3600

John J. Flynn
Nossaman, Guthner, Knox & Elliott, LLP
18101 Von Karman Ave.
Irvine, CA 92612
(949) 833-7800

Charles J. McKee
Office of the County Counsel
County of Monterey
168 West Alisal Street, Third Floor
Salinas, CA 93901
(831) 755-5045

*Attorneys for Defendants-Appellees Board of Supervisors of County of Monterey, Monterey County Registrar of Voters Tony Anchundo, and County of Monterey.*

//

1  Joaquin Guadalupe Avila
   634 South Spring Street, 11th Floor
2  Los Angeles, CA 90014
   (206) 398-4117
3
   John Andrew Ramirez
4  Mark J. Austin
   Rutan & Tucker, LLP
5  611 Anton Boulevard
   Fourteenth Floor
6  Costa Mesa, CA 92626-1998
   (714) 641-5100
7
   *Attorneys for Plaintiffs-Appellees Rosario Madrigal,*
8  *Sabas Rangel, and Maria Buell.*

9

10

11 DATE: March 27, 2006          Respectfully submitted,

12                               STRUMWASSER & WOOCHER LLP
                                 Fredric D. Woocher
13                               Michael J. Strumwasser

14                               LAW OFFICE OF J. WILLIAM YEATES
                                 J. William Yeates
15                               Keith G. Wagner
                                 Jason R. Flanders
16

17
                                 By  /s/ Fredric Woocher
18                                   ─────────────────────────
                                     Fredric D. Woocher
19
                                 *Attorneys for Plaintiffs-Appellants*
20                               *William Melendez, Ken Gray, Jyl Lutes,*
                                 *Carolyn Anderson, and Landwatch Monterey*
21

22

23

24

25

26

27

28

3

*Melendez et al. v. Board of Supervisors et al.*
NOTICE OF APPEAL AND REPRESENTATION STATEMENT
Case No. C 06-1407 JW

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re County of Monterey Initiative Matter

NO. C 06-01407 JW
C 06-01730 JW

**ORDER RE: MOTIONS FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENTS**

## I. INTRODUCTION

Monterey County is subject to the Federal Voting Rights Act of 1965. The County is required to provide ballots and other materials in both English and Spanish and is subject to certain pre-clearance requirements. This case requires the Court to determine whether a petition and materials for a citizen sponsored initiative, entitled "The Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative" (the "Initiative"), which was not provided in both English and Spanish is unlawful under the Voting Rights Act. The Court holds that it is and enjoins further processing of the Initiative.

## II. FACTUAL AND PROCEDURAL BACKGROUND

A group of citizens in Monterey County, wished to circulate an initiative petition, the Initiative, which if passed, would amend certain zoning and land development provisions of the Monterey County General Plan and would require a public election for zoning changes. Pursuant to the California Elections Code, in January of 2006, the proponents of the Initiative, filed a notice of

their intent to circulate the petition and a copy of the proposed Initiative with the County Elections Department. As required by California Elections law, County officials reviewed the language of the Initiative, decided on a ballot "Title" for it and also formulated a "Summary" of its provisions. The County approved the form and content of the petition for circulation among voters and provided the approved petition, Title and Summary materials to the proponents for publication in a newspaper and for circulation to registered voters. All of these materials were in English-only.

Monterey County is subject to the Federal Voting Rights Act of 1965 ("Voting Rights Act"). See Lopez v. Monterey County, 519 U.S. 9 (1996). Under the Voting Rights Act, Monterey County is required to provide election-related material in English and Spanish. When the Initiative came to the attention of a group of Spanish-speaking citizens and that none of the materials related to it were in Spanish, on February 24, 2006, they filed a lawsuit against Monterey County in this Court (the "Madrigal Plaintiffs"). The Madrigal Plaintiffs asked for declaratory judgment that the English-only materials violated the Voting Rights Act. The Madrigal Plaintiffs requested an injunction against further processing the Initiative.

Meanwhile, the proponents of the Initiative gathered signatures. When they amassed what they believed was the required number of signatures, they presented the completed petitions to County officials for adoption of the Initiative or placement on a ballot for the next general election.

The matter eventually came to the attention of the Monterey County Board of Supervisors. On February 28, 2006, after receiving a legal report addressing procedural and substantive concerns with respect to the content and form of the Initiative under both federal and California law, including the lack of English and Spanish materials, the Board of Supervisors voted not to place the Initiative on the ballot.

On March 1, 2006, the proponents of the initiative (the "Melendez Plaintiffs") filed a mandamus action in the Superior Court of the County of Monterey to compel the County to place the Initiative on the ballot. Since the requisite number of qualified signatures had been obtained, the Melendez Plaintiffs alleged that the County had a ministerial duty to place the Initiative on the ballot.

2

On March 7, 2006, Monterey County removed the Melendez action to this Court citing as a basis of subject matter jurisdiction 28 U.S.C. 1443(2), alleging that it refused to place the Initiative on the ballot because the Initiative was inconsistent with the Voting Rights Act. Since the Melendez lawsuit was related to the Madrigal case, the Melendez action was assigned to this Court. Subsequently, this Court ordered the Melendez action consolidated with the earlier filed Madrigal action. To avoid confusion, this Court ordered that future filings in the consolidated case be filed under the caption "In re County of Monterey Initiative Matter."

Because of the imminence of the election, the Melendez Plaintiffs made a motion for injunctive relief to compel the County to take the necessary steps to place the Initiative on the ballot. The Madrigal Plaintiffs made a precautionary motion for a preliminary injunction to keep the Initiative off of the ballot. The County maintained its position that procedural and constitutional defects under both California and federal law supported its decision to refuse to place the Initiative on the ballot.

In reviewing the competing lawsuits and the competing motions for injunctive relief, the Court decided to bifurcate any issues having to do with California procedural and substantive law from the issues pertaining to the Voting Rights Act. The Court directed the parties to address whether or not the Voting Rights Act applied to the materials relating to the Initiative and required that they be provided in English and Spanish, and if so, notwithstanding its qualification to be placed on a ballot under the California Elections Code, whether or not, the Court should nevertheless enjoin Monterey County from placing the Initiative on a ballot.

Given the timing of the election, the Court recognized that as a practical matter, a decision granting or denying a preliminary injunction would resolve the only federal issue in the consolidated case with respect the June 6, 2006 election. Therefore, pursuant to Rule 65(a)(2), the Court ordered trial on the merits of the federal issue consolidated and advanced to the hearing on the motions for preliminary injunctions.

The Court held a hearing on March 21, 2006. Based on the briefs and arguments of counsel, the Court permanently enjoins the County of Monterey from placing on a ballot the Initiative based on the English-only materials circulated by the proponents.

### III. DISCUSSION

A district court has authority to grant injunctive relief in the exercise of its discretionary equitable powers. See Fed. R. Civ. P. 65.

The controversy in this consolidated case is purely a legal dispute. The Court notes that this matter is being decided on an expedited basis. The Court is sensitive to the need of the parties to have a quick decision and relegates the Court's desire to give this matter a more detailed discussion in deference to a speedy resolution. Notwithstanding the speed of the Court's decision, this is not a decision made in haste or without careful consideration. Indeed, it is precisely because the issue of the applicability of the Voting Rights Act to voter-initiated and County processed electoral notices has recently been addressed by the Ninth Circuit that the Court is able to give this matter expedited treatment.

**A.   The Initiative Process in California.**

The applicability of the dual language requirement to an initiative in a California County which is subject to the Voting Rights Act is a matter of first impression in this Circuit. However, the applicability of the Voting Rights Act to recall petitions has been recently upheld by the Ninth Circuit in Padilla v. Lever, 429 F.3d 910 (9th Cir. 2005) and this Court finds no meaningful distinction between the two processes.

The procedures governing the adoption of countywide initiatives in California are set forth in California Elections Code sections 9100 et. seq. Pursuant to those provisions, the proponent of a proposed initiative must first file with the relevant County a "notice of intention" to circulate a petition relating thereto, with a full copy of the initiative attached. Cal. Elec. Code § 9103. Following this filing, the County then has fifteen days to prepare and provide an impartial "ballot Title and Summary" for the measure. Id. at § 9105(a)-(c). Under the law, the ballot Title and Summary are the means by which the County provides to the public an unbiased summary of the

proposed measure, which can be utilized by the voting public, including members of the public who desire to inform themselves as to the purpose and effect of an initiative when it is circulating, as a means of determining the measure's true nature, purpose and effect.

After receipt of the Title and Summary from a County, the proponents of an initiative must publish a copy of the notice of intention, as well as a copy of the Title and Summary, in a "newspaper of general circulation" in the County. Id. at § 9105(b). Once that publication is complete, the proponents then have until 180 days—a full six months—after their receipt of the Title and Summary to circulate the initiative petition to the public and obtain the requisite number of signatures in support of the measure. Id. at §§ 9108, 9110. During this circulation process, in addition to including the Title and Summary on multiple pages of the petition, the proponents must also attach a full copy of the notice of intention and a copy of the initiative itself. Id. at §§ 9102; 9105(c). Thus, the notice provided by the publication is of the Title and Summary, which is provided by the County.

Once the requisite number of signatures have been obtained, and the signed petitions have been returned to the County, the County then has a ministerial duty to review the nitiative to ensure that it complies with all of the procedural requirements attendant to the circulation of the initiative prior to commencing the counting of the signatures, including ensuring that (1) each section of the initiative contained the Title and Summary prepared by the County Counsel where statutorily-required; (2) each section contained the full text of the measure; (3) each section contained the notice of intent, and (4) each section contains all of the other numerous statutorily-required content, including substantive "WARNINGS TO VOTERS" and all of the other requirements those set forth in Elections Code sections 9105(c), 9101, 100, 101, and 104. If these requirements are not met, as set forth above, then the County has a duty not to verify the initiative and can take no further action on the petitions.

Assuming the proposed measure complied with the procedural requirements, the County then has approximately 30 days to examine the signatures for validity. Id. at §§ 9113-9115. If this examination reveals that a sufficient number of valid signatures have been obtained, the County

elections officials must then certify the results of the examination at the next regular meeting of the County's Board of Supervisors. Id. at § 9115(f).

Following this certification, the Board of Supervisors of the County has three options. First, the board may simply adopt the initiative outright without submitting it to a public vote. Id. at §§ 9116(a), 9118(a). Alternatively, it may submit the matter to a vote of the public at either a general election (if the base threshold of signatures is obtained) or a special election (if a higher threshold of signatures is obtained). Id. at §§ 9116(b), 9118(b). Finally, it may postpone its decision between these options for approximately 40 days by requesting a report analyzing the impact of the measure pursuant to Elections Code section 9111. Id. at §§ 9116(c), 9118(c), 9111.

In this case, all of these steps were done but the materials relating to the Initiative were in English-only.

Following certification of the Initiative by Registrar of Voters Tony Anchundo, on January 31, 2006, the Monterey County Board of Supervisors ordered an independent report pursuant to Elections Code section 9111. The report was prepared by the law firm of Nossaman, Guthner, Knox, Elliott, LLP. The report expressed the opinion that the Initiative is legally invalid. Based on the report and other concerns, the Board of Supervisors voted 3-2 to decline to place the Initiative on the June 6, 2006 ballot.

**B.   Section 203 of the Federal Voting Rights Act of 1965.**

Section 203 of the Voting Rights Act is codified at 42 U.S.C. § 1973aa-1a ("Section 203"):

> Whenever any State or political subdivision subject to the prohibition of subsection (b) of this section provides any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, it shall provide them in the language of the applicable minority group as well as in the English language.

42 U.S.C. § 1973aa-1a(c).

It is undisputed that Monterey County is a jurisdiction governed by the Voting Rights Act. As applied in Monterey County, the Voting Rights Act requires that certain election materials be published in English and Spanish. It is undisputed that the Initiative was published in English-only.

6

From <u>Padilla</u> this Court derives two primary questions to determine whether any given materials are covered by Section 203—namely, (1) whether the materials qualify as "other materials or information relating to the electoral process;" and (2) whether the materials are "provided by" the County. 429 F.3d at 918. The Ninth Circuit instructs that in answering these questions, the Voting Rights Act is to be "broadly construed" to give effect to its remedial purpose. <u>Id.</u> at 919.

    i.    **"Other Materials"**

With respect to the "other materials" prong of the analysis in <u>Padilla</u>, the Ninth Circuit first noted that the broad "relating to" language in Section 203, when interpreted according to its plain meaning, would clearly encompass recall petitions, which "serve no other purpose than to trigger an election." 429 F.3d at 919-920. In further support of this conclusion, the court also relied on prior precedent, where the previous panel agreed with the assertion that Section 203 applies to recall petitions. Quoting from that precedent, the court stated: "The election itself is merely the culmination of the electoral process." <u>Id.</u> According to the court, the range of conduct "relating to the electoral process" includes, for example, compliance by a would-be voter with statutes regulating registration and compliance with other statutes to place a name or an issue on the ballot. Essentially, the court held that when a political subdivision is mandated by law to ensure that certain preliminary steps be taken by the would-be voter, the candidate for office, or the proponents of an issue, that government entity is not absolved from its responsibility under the Voting Rights Act. The court reasoned that such compelled acts are far removed from those voluntarily undertaken by a candidate, such as the printing of campaign literature. <u>Id.</u>

Further, the Ninth Circuit dismissed the argument made by the district court that the recall petitions were not covered by Section 203 because they did not involve actual "voting"—i.e., a "choice between two or more alternatives." <u>Padilla</u>, 429 F.3d at 920-21. The court stated that such a narrow reading of Section 203 had to be rejected because (1) it is inconsistent with the broad language of Section 203 itself; (2) it is inconsistent with the broad remedial intent behind Section 203; and (3) it is simply wrong, in that signing a recall petition does involve between two alternatives—i.e., whether to sign it or not. <u>Id.</u> at 920-22. Notably, in reaching this conclusion, the

court cited a United States Supreme Court case of Allen v. State Bd. of Elections, 393 U.S. 544 (1969), where the Court held that another "preliminary step to an election"—namely, the process of petitioning to place a candidate's name on the ballot—was covered by another section of the Voting Rights Act that used language very similar to that used by Section 203. Id. at 921 (citing Allen, 393 U.S. at 569-70).

Finally, the Ninth Circuit relied on implementing regulations for Section 203. The regulations define "written materials" to include not "recall petitions," but all "informational materials" and "petitions." Padilla, 429 F.3d at 919-20 (quoting 28 C.F.R. § 55.19(a)).

Accordingly, this Court finds that, by their terms, these regulations apply just as equally to initiative petitions as they do to recall petitions. Indeed, the Title and Summary prepared by the County and required to be placed on multiple pages of the Initiative serves no purpose other than to impartially inform the voters of the content and effect of the proposed Initiative.

ii.   **"Provided By"**

With respect to the "provided by" prong, the Ninth Circuit focused on the fact that, under California law, County elections agencies must review proposed recall petitions to ensure that they comply with California's form and content regulations. Padilla, 429 F.3d at 922-24 (citing Cal. Elec. Code §§ 11041, 11042). The court considered a number of factors as part of the County's "review" process and concluded that these factors constitute "extensive regulation" by the County: (1) the County exercised authority to approve the form and content of the proposed petition; (2) the County was empowered to verify the collected signatures; (3) the County set the election date; (4) the County controlled the format of the petition—including the type face to be used. Id.

Based on the above "review" process pursuant to which counties can exercise control over a portion of the content of California recall petitions, the Ninth Circuit held that such petitions satisfied the "provided by" prong of Section 203. As a result of this analysis, the court in Padilla found that Section 203 applies to California recall petitions, and that the recall petitions at issue there were therefore required to be in circulated in Spanish in addition to English. Id. at 924.

8

This Court finds that the Padilla court's rationale with respect to recall petitions applies equally and perhaps more strongly to California initiative petitions because of the extensive County's involvement in the initiative process. As noted above, the critical factor for the satisfaction of this prong with respect to recall petitions was the fact that, under California law, such petitions are reviewed by County agencies, which have some authority to require changes to their contents in order to bring them into compliance with state law. With respect to initiative petitions, the authority of local agencies is even greater. County elections officials not only review them, they draft a portion that is critical to the public's understanding of them. The Title and Summary play a central role in California's initiative process. Moreover, like the recall petitions, the County controls the format in which initiative petitions are printed. For example, the Election Code mandates that the Title and Summary appear on across the top of each page of the petition, in roman boldface type not smaller than 12 point and that the text of the measure shall be printed in type not smaller than 8 point. The Ninth Circuit determined that these requirements for recall petitions constitute "extensive regulation." Accordingly, this Court finds that the County's control of form and content of initiative petitions constitute extensive regulation and are thus not the "same as fliers or candidate literature" but rather, are "akin to ballots or initiative materials that are distributed by voting districts." Padilla, 429 F.2d at 923.

Even beyond Padilla's core two-prong analysis, other aspects of the opinion also indicate that its holding would apply fully to initiative petitions. First, in reaching its conclusion, the Padilla court expressly distinguished two cases from other circuits—Montero v. Meyer, 861 F.2d 603 (10th Cir. 1988), and Delgado v. Smith, 861 F.2d 1489 (11th Cir. 1988)—each of which held that the requirements of Section 203 did not apply to initiative petitions circulated in the states in which they arose. In distinguishing the cases, the Ninth Circuit had an opportunity to state that the Voting Rights Act did not apply at all to initiatives. It did not do so, but distinguished the cases on the grounds that the initiative processes in those states were different from the recall process in California.

Therefore, the Court finds <u>Padilla</u> authority for applying Section 203 of the Voting Rights Act to initiative petitions.

### IV. CONCLUSION

The Court concludes that although under the California Elections Code, the County of Monterey has a ministerial duty to place a properly noticed and circulated initiative on the ballot for the next general election, this duty is subject to the provisions of the Voting Rights Act. The Initiative involved in this case was presented to the voting public for signature in violation of the Voting Rights Act because it was printed and circulated only in English and not also in Spanish. The Initiative cannot be legally adopted by the County or presented to the County voters. The County is permanently enjoined from processing, certifying or adopting the Initiative and from placing it on a ballot for a future County election unless or until being first properly circulated in compliance with the Voting Rights Act.

Dated: March 23, 2006

_____
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Joaquin Guadalupe Avila avilaj@seattleu.edu
John Andrew Ramirez jramirez@rutan.com
Mark J. Austin maustin@rutan.com
Stephen N. Roberts sroberts@nossaman.com
Fredric D. Woocher fwoocher@strumwooch.com
Leroy W. Blankenship blankenshipl@co.monterey.ca.us
Michael J. Stumwasser mstrumwasser@strumwooch.com

Dated: March 23, 2006                    Richard W. Wieking, Clerk

                                         By:   /s/ JW Chambers

                                              Melissa Peralta
                                              Courtroom Deputy

Case 5:06-cv-01407-JW   Document 27   Filed 03/23/2006   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re County of Monterey Initiative Matter

NO. C 06-01407 JW
C 06-01730 JW

**DECLARATORY JUDGMENT AND PERMANENT INJUNCTION**

_____/

With respect to the Initiative entitled "Amendment of the Monterey County General Plan, Including the North County Land Use Plan" also known as "The Monterey County Quality of Life, Affordable Housing, and Voter Control Initiative," (the "Initiative") the Court declares, adjudges and decrees that the Initiative, petition and related materials are invalid under Section 203 of the Federal Voting Rights Act of 1965 because the materials were printed and circulated only in English and not also in Spanish. Therefore, the Initiative in its present form cannot be legally adopted by the County of Monterey or presented to voters of the County of Monterey.

Judgment is entered against Plaintiffs William Melendez, Ken Gray, Jyl Lutes, Carolyn Anderson, and Landwatch Monterey County and in favor of Defendants Board of Supervisors of the County of Monterey, Tony Anchundo, in his capacity as Monterey County Registrar of Voters, and County of Monterey. In light of the Court's declaratory judgment, Defendants are permanently enjoined to take no further action, to process, certify, adopt, or place the Initiative on a ballot for County voters.

1    The Court dismisses the Complaint by Plaintiffs Rosario Madrigal, Sabas Rangel, and Maria
2  Buell as moot.
3    Nothing in this Judgment and Injunction is intended to cover any future Initiative covering
4  the subject matter of the enjoined Initiative, provided it complies in process and substance with the
5  Voting Rights Act. The Court declines to reach, as unnecessary, whether the substance of the
6  Initiative must be pre-cleared under the Voting Rights Act.
7    The Court dismisses without deciding all claims for relief under California law as moot.

9  Dated: March 23, 2006                              _____
10                                                    JAMES WARE
                                                      United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Joaquin Guadalupe Avila avilaj@seattleu.edu
John Andrew Ramirez jramirez@rutan.com
Mark J. Austin maustin@rutan.com
Stephen N. Roberts sroberts@nossaman.com
Fredric D. Woocher fwoocher@strumwooch.com
Leroy W. Blankenship blankenshipl@co.monterey.ca.us
Michael J. Stumwasser mstrumwasser@strumwooch.com
Stephen N. Roberts sroberts@nossaman.com

Dated: March 23, 2006                    Richard W. Wieking, Clerk

                                         By:  /s/ JW Chambers

                                              **Melissa Peralta**
                                              **Courtroom Deputy**