FREDRIC D. WOOCHER (SBN 96689)
MICHAEL J. STRUMWASSER (SBN 58413)
BRYCE A. GEE (SBN 222700)
STRUMWASSER & WOOCHER LLP
100 Wilshire Boulevard, Suite 1900
Santa Monica, California 90401
Telephone:   (310) 576-1233
Facsimile:    (310) 319-0156
E-mail: fwoocher@strumwooch.com

J. WILLIAM YEATES (SBN 84343)
KEITH G. WAGNER (SBN 210042)
JASON R. FLANDERS (SBN 238007)
LAW OFFICE OF J. WILLIAM YEATES
3400 Cottage Way, Suite K
Sacramento, CA 95825
Telephone:   (916) 609-5000
Facsimile:    (916) 609-5001
E-mail: byeates@enviroqualitylaw.com

*Attorneys for Plaintiffs Rancho San Juan
Opposition Coalition, et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE COUNTY OF MONTEREY INITIATIVE MATTER, | CASE NO. C 06-01407 JW |
| WILLIAM MELENDEZ, *et al.*,<br>                          Plaintiffs,<br>     v.<br>BOARD OF SUPERVISORS OF THE COUNTY OF MONTEREY, *et al.*,<br>                          Defendants, | RANCHO SAN JUAN OPPOSITION COALITION'S OPPOSITION TO COUNTY DEFENDANTS' MOTION FOR CONSOLIDATION<br><br>Judge: Hon. James Ware<br>Ctrm: 8<br>Date:<br>Time: |
| Consolidated with<br><br>ROSARIO MADRIGAL, *et al.*,<br>                          Plaintiffs,<br>     v.<br>COUNTY OF MONTEREY, *et al.*,<br>                          Defendants. | |

Now that the *In re Monterey Referendum* cases are fully briefed and are scheduled for a dispositive hearing on December 11, 2006, on the parties' cross-motions for summary judgment, County Defendants want to send that action back to "square one" by canceling that hearing, consolidating the action with the *In re County of Monterey Initiative Matter*, and ordering an entirely new round of briefing for a joint hearing on both actions several months from now. Plaintiffs Rancho San Juan Opposition Coalition ("RSJOC") strenuously oppose County Defendants' Motion for Consolidation, which appears to be nothing more than yet another delaying tactic aimed at further depriving RSJOC Plaintiffs' and all Monterey County residents of a timely vote on the proposed referendum and initiative measures at issue in each of these cases. The consolidation requested by County Defendants is completely inappropriate here because it would needlessly cause delay, significantly prejudicing RSJOC Plaintiffs, and would add further expense to all parties, without saving any substantial time or effort. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (in considering whether to consolidate, the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause").

As County Defendants recognize, the cross-motions for summary judgment in the *In re Monterey Referendum* action are fully briefed and set to be heard by the Court on December 11, 2006. Yet County Defendants absurdly argue that it would somehow "avoid unnecessary costs" and save "time" to consolidate the two separate actions and require the parties to completely re-brief these motions in a "joint brief." County Defendants' Motion for Consolidation, at 2-3. But consolidating these cases at this late juncture would only result in additional cost and further delay, which RSJOC suspects is exactly what County Defendants desire. Not only would a ruling on the merits in the *In re Monterey Referendum* action be delayed at least "a month or so," as County Defendants admit, but consolidation could also unnecessarily delay and complicate implementation of the Court's order(s) on the merits of the two sets of cases. For example, if the Court were to order both measures to immediately be submitted to a vote of the people, but a party in only one of the matters were to seek appellate review, County Defendants would likely seize upon that appeal to

avoid holding an election on the non-appealed measure.[1]

More fundamentally, with each additional day that passes — whether it be one month, three months, six months, or more — without the County submitting the referendum measure to a vote of the people, RSJOC and the 15,000 voters who signed the referendum petitions are denied their First Amendment rights to referendum. *See Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002) (infringement of First Amendment freedoms, "even for minimal periods of time, ***unquestionably constitutes irreparable injury*** . . . .") (emphasis added). And during this time, the County continues its rush to complete its own amendments to the General Plan, which — once completed — the County will no doubt argue somehow moot these referendum and initiative measures, thereby giving County Defendants the result they have wanted all along — to prevent a vote on these measures altogether.

In addition to creating additional delay, consolidation and re-briefing will further inject a significant procedural complexity into these actions that does not currently exist, because these actions do not involve "nearly identical questions of law," as County Defendants mistakenly contend. County Defendants' Memorandum, at 3. While the *In re Monterey Referendum* action raises only the VRA claim that the referendum petitions should have been translated into multiple languages, the *In re County of Monterey Initiative Matter* also involves various state-law claims that will either need to be argued before this Court or remanded to state court. County Defendants do not suggest how they expect those claims to be resolved if the two different actions are to be consolidated for purposes of cross-motions for summary judgment on the VRA issue alone.

---

[1] There are also complications arising from the somewhat different procedural postures and legal status of the two sets of cases. As noted in the text *infra*, in the *In re Monterey Referendum* cases, County Defendants rely *exclusively* on the Voting Rights Act defense as their justification for refusing to submit the qualified Referendum to a vote of the County's electorate. In the *In re County of Monterey Initiative Matter* action, however, County Defendants claim that there are also legitimate state-law grounds for their refusal to place the General Plan Initiative on the ballot. County Defendants' Motion to Consolidate does not specify whether the County contemplates that these state-law issues will be addressed in the joint brief and hearing that they propose, but the very existence of these additional issues in the initiative action negates any possible "efficiency" that might result from the requested consolidation. Most problematic, if the state-law issues are not resolved in the context of the proposed joint hearing, then presumably there cannot and will not be a final judgment rendered in the initiative matter, possibly precluding any immediate implementation of the Court's order or any appeal being taken from the consolidated ruling on the Voting Rights Act issue.

2

*In re County of Monterey Initiative Matter*
RSJOC's Opposition to Motion for Consolidation
Case No. C 06-01407 JW

Finally, County Defendants are mistaken in contending that this Court needs to consolidate these cases in order to arrive "at a uniform set of rules." County Defendants' Memorandum, at 4. Each of these cases will be heard by this Court, and there is no risk that the Court will suddenly forget its prior decision with respect to the referendum petitions and will somehow issue a conflicting decision when it rules upon the validity of the initiative petitions.

Because consolidation would only result in additional delay and substantial prejudice to Plaintiffs in *In re Monterey Referendum*, RSJOC respectfully requests that the Court deny County Defendants' Motion For Consolidation. However, if County Defendants are truly interested in saving the parties and the Court further time and expense, RSJOC Plaintiffs suggest that this Court should order an expedited hearing on the Voting Rights Act issue in the *In re County of Monterey Initiative Matter*, scheduling the hearing for December 11, 2006, so that it can be heard together with the hearing that is currently set for that date in the *In re Monterey Referendum* action. The parties in the initiative case can be ordered to file a single brief by December 4, 2006, setting forth their respective positions as to why the General Plan Initiative is or is not subject to Section 203 of the VRA. As County Defendants note, this issue is very similar to the issue that has already been extensively briefed by the same counsel in the referendum context, and the parties in *In re County of Monterey Initiative Matter* have themselves just briefed that very issue to the Ninth Circuit in connection with the *Melendez* Plaintiffs' Motion to Remand that action to this Court in light of the en banc court's decision in *Padilla v. Lever*, 463 F.3d 1046 (9th Cir. 2006). Given the urgency of the matter — the General Plan Initiative, after all, should have been submitted to the voters six months ago, at the June 2006 primary election — it is appropriate to expedite further proceedings in the *In Re County of Monterey Initiative Matter* upon remand from the Ninth Circuit, and — in marked contrast to County Defendants' proposed consolidation — RSJOC Plaintiffs' proposal would truly save the Court and the parties the time and expense of extensive additional briefing and duplicative hearings, achieving the result that the County purports to desire.

In any event, RSJOC Plaintiffs' counsel would be pleased to participate in a telephonic conference with the other parties in the *In re County of Monterey Initiative Matter* as soon as possible to discuss the scheduling of further proceedings in that matter in response to the Ninth

3

*In re County of Monterey Initiative Matter*
RSJOC's Opposition to Motion for Consolidation
Case No. C 06-01407 JW

1   Circuit's Judgment and Order vacating this Court's March 23, 2006, order and declaratory judgment
2   and remanding the matter for further consideration in light of the en banc decision in *Padilla v.*
3   *Lever*.  Since time is of the essence in this matter, RSJOC Plaintiffs join with the County
4   Defendants/Respondents in urging the Court to schedule a telephonic status or case management
5   conference as soon as possible.

7   DATE: November 29, 2006                    Respectfully submitted,

                                                STRUMWASSER & WOOCHER LLP
                                                Fredric D. Woocher
                                                Michael J. Strumwasser
                                                Bryce A. Gee


                                                By _____/s/_____
                                                      Fredric D. Woocher

                                                *Attorneys for Plaintiffs Rancho San Juan Opposition*
                                                *Coalition, et al.*

4