1   OFFICE OF THE MONTEREY COUNTY COUNSEL
    CHARLES J. MCKEE (SBN 152458), COUNTY COUNSEL
2   LEROY W. BLANKENSHIP (SBN 065233), ASSISTANT COUNTY COUNSEL
    EFREN N. IGLESIA (SBN 71309), SENIOR DEPUTY COUNTY COUNSEL
3   168 W. ALISAL, 3RD FLOOR
    SALINAS, CA  93901-2680
4   Telephone:  (831) 755-5045
    Facsimile:  (831) 755-5283
5
    NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
6   STEPHEN N. ROBERTS (SBN 062538)
    50 CALIFORNIA STREET, 34TH FLOOR
7   SAN FRANCISCO, CALIFORNIA 94111-4799
    Telephone: (415) 398-3600
8   Facsimile: (415) 398-2438
    Email: montereycase@nossaman.com
9
    NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
10  JOHN J. FLYNN III (SBN 076419)
    18101 VON KARMAN AVENUE
11  IRVINE, CA  92612-0177
    Telephone: (949) 833-7800
12  Facsimile: (949) 833-7878
    Email: montereycase@nossaman.com
13
    Attorneys for Defendants
14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                     SAN JOSE DIVISION

18  In re:  County of Monterey Initiative Matter     )   NO:  C 06-01407 JW
                                                      )   NO:  C 06-02202 JW
19                                                    )
        and                                           )   **RESPONSE TO *RANGEL* PLAINTIFFS**
20                                                    )   **MOTION FOR INJUNCTION PENDING**
    In re:  Monterey Referendum                       )   **APPEAL**
21                                                    )
22                                                    )   Date:  To Be Determined
                                                      )   Time:
23                                                    )   Place:  Courtroom 8
                                                      )   Judge:  Honorable James Ware
24                                                    )
25                                                    )
                                                      )
26  _____        )
27
28

213547_1.DCC

1   In case Nos. C 06-01407 JW and C 06-02202 JW, defendants County of Monterey, the Board Of

2   Supervisors of the County of Monterey, and Anthony Anchundo (County Defendants) hereby respond to

3   the *Rangel* plaintiffs' motion for an injunction pending appeal.

4   **I.   FACTUAL BACKGROUND**

5   As the Court knows, the County Defendants have been of the view that, with respect to the

6   referendum matters, the *Rangel* plaintiffs were correct and the *Rancho San Juan* plaintiffs were not

7   correct.  That is, County Defendants have taken the position throughout this litigation that referendum

8   petitions are subject to the translation requirements of the Federal Voting Rights Act (FVRA).

9   However, in its Order and Summary Judgment dated March 29, 2007, this Court held that

10  referendum petitions are not subject to the FVRA's translation provisions.  While the Court's

11  determination was contrary to the County Defendants' view, they have nevertheless accepted it and the

12  subject referendum measure, now known as Measure D, has been placed on the June 5, 2007 ballot.[1]

13  Declaration of Susan Orman, ¶ 3.

14  Nevertheless, the County Defendants are again caught in the middle of a struggle over the June

15  5, 2007 election because the *Rangel* plaintiffs are appealing this Court's March 29, 2007 decision.

16  Although they neither oppose nor support the *Rangel* plaintiffs' motion, the County Defendants do need

17  to address the practical issues to the Court relating to the requested relief.

18  **II.   LEGAL ARGUMENT:  IF IT GRANTS THE MOTION, THE ONLY REQUESTED**

19  **RELIEF THIS COURT CAN PROVIDE IS THE THIRD OPTION, NOT COUNTING**

20  **THE VOTES ON MEASURE D**

21  The *Rangel* plaintiffs ask for three types of relief alternatively.  However, because of the status

22  of matters, only the third type of relief would be possible at this point.  The County Defendants'

23  reasoning is set forth below.

24  The first type of relief that the *Rangel* plaintiffs request is that Measure D not be printed on the

25  ballot and that it not be sent to the voters.  This request is untimely.  To explain, all election materials for

26  printing were transmitted by the County to the printers on April 9, 2007, and the printers were given the

27

28

---

[1] The County Defendants have not determined whether to appeal the Court's ruling.

213547_1.DOC                                    2

approval to prepare the proof copies of the ballot and to prepare for printing all of the ballots and the

accompanying election materials on April 13, 2007.  Orman Dec., ¶ 3.  The ballot proposition at issue

here is Measure D, but there are also three other measures on the June 5, 2007 ballot.  *Id.*  Were this a

single issue ballot, presumably any type of relief would still be available, albeit at some cost to the

County.  However, there are four separate ballot measures on the June 2007 ballot, including:  Measure

D (this Measure); the County's own measure concerning its 2006 General Plan (Measure B); a citizens'

referendum on the same matter (Measure C); and the initiative measure which has been the subject of

the *Madrigal* and *Melendez* cases and which was placed on the ballot after the Ninth Circuit's reversal

of itself in *Padilla* (Measure A).  At this point no one is contesting the appropriateness of the first three

measures being on the ballot.[2]  As a result, the question is whether the County can remove Measure D

from the ballot as requested by the *Rangel* plaintiffs, and still go ahead with the election on the other

three measures which will appear on the same printed ballot.

Here, the County cannot remove Measure D from the ballot and still allow voters to vote on

Measures A, B and C.  Orman Dec., ¶¶ 3,4.  The ballots and other related materials were sent to the

printers on April 9, 2007, and must be finalized by April 13, 2007 in order to allow the County sufficient

time to send the ballots to the voters.  Therefore, the request for the first alternative by the *Rangel*

plaintiffs, that Measure D not go to the voters, is not possible from a practical stand point unless the

Court were to stop the entire election.

The second type of relief requested by the *Rangel* plaintiffs – that even if Measure D remains on

the ballot, the voters should be instructed not to vote on it – is equally inappropriate from a practical

standpoint.  If the Court were to grant this relief, it would create a number of questions, including (a)

how does the County ensure that the ballot, which asks voters to vote on Measure D, also be

accompanied by the material that says <u>not</u> to vote on Measure D; and (b) how does the County ensure

---

[2] A group, including some of the same parties to these cases, challenged the placement Measure B,
described above, the County's referendum of its own 2006 General Plan.  However, that challenge was
denied by the Superior Court, and now recently by the Court of Appeal on April 9, 2007. (Declaration of
Stephen N. Roberts, Ex. A.)  Unless the opponents of such a measure interest the California Supreme
Court in the case, it will be on the June 5, 2007 ballot.

RESPONSE TO *RANGEL* PLAINTIFFS MOTION FOR INJUNCTION PENDING APPEAL

1 that all voters receive this instruction?  To accomplish that, the instructions would have had to be printed

2 on the ballot itself or with the ballot materials described in Ms. Orman's Declaration, and those

3 materials, including the "no vote on Measure D" instruction, would have to be sent to the voters with the

4 ballot and the ballot materials.  See, e.g., Orman Dec., ¶ 3.  Otherwise, as a practical matter, it is unclear

5 the County would be able to deliver notice to the same persons who are receiving the ballots and voting

6 on them.  But it is too late to change what is already being printed.  *Id.* at ¶¶ 3-6.  Moreover, the concept

7 of sending a ballot along with instructions telling voters not to vote would be confusing to voters.

8        The third type of relief requested by the *Rangel* plaintiffs' – to vote on a measure which is on the

9 ballot, but that the votes not be counted unless the decision on appeal is not in their favor – is the only

10 viable form of relief.  If this Court issues an opinion by April 27, 2007, there will be a sufficient period

11 of time before the June 5, 2007 election for the County to program its computers to count the ballots

12 without counting the votes for Measure D.  Orman Dec, ¶ 7.

13 **III.    CONCLUSION**

14        Although the County Defendants take no position one way or another on the substance of the

15 *Rangel* plaintiffs' motion, the relief requested by the *Rangel* plaintiffs causes many practical difficulties.

16 Accordingly, the County Defendants request that, if the Court considers any injunctive relief, the relief

17 granted should be limited to the third option:  to count the votes on Measure D after the decision on

18 appeal of this case issues.

20 Dated: April 11, 2007          NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

21                          By: _____

22                              STEPHEN N. ROBERTS

23                          Attorneys for Defendants
                            COUNTY OF MONTEREY, THE BOARD OF
24                          SUPERVISORS OF THE COUNTY OF MONTEREY, AND
                            ANTHONY ANCHUNDO

213547_1.DOC                    4
RESPONSE TO *RANGEL* PLAINTIFFS MOTION FOR INJUNCTION PENDING APPEAL