FREDRIC D. WOOCHER (SBN 96689)
MICHAEL J. STRUMWASSER (SBN 58413)
BRYCE A. GEE (SBN 222700)
STRUMWASSER & WOOCHER LLP
100 Wilshire Boulevard, Suite 1900
Santa Monica, California 90401
Telephone: (310) 576-1233
Facsimile: (310) 319-0156
E-mail: fwoocher@strumwooch.com

J. WILLIAM YEATES (SBN 84343)
KEITH G. WAGNER (SBN 210042)
JASON R. FLANDERS (SBN 238007)
LAW OFFICE OF J. WILLIAM YEATES
3400 Cottage Way, Suite K
Sacramento, CA 95825
Telephone: (916) 609-5000
Facsimile: (916) 609-5001
E-mail: byeates@enviroqualitylaw.com

*Attorneys for Plaintiffs Rancho San Juan Opposition Coalition, et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MONTEREY REFERENDUM. | CASE NO. C 06-02202 JW<br>CASE NO. C 06-02369 JW<br><br>PLAINTIFFS RANCHO SAN JUAN OPPOSITION COALITION ET AL.'S OPPOSITION TO PLAINTIFFS RANGEL, ET AL.'S MOTION FOR AN INJUNCTION PENDING APPEAL<br><br>Judge: Hon. James Ware<br>Ctrm: 8<br>Hrng.: N/A |

Plaintiffs Sabas Rangel and Maria Buell's ("Rangel Plaintiffs") Motion for an Injunction Pending Appeal of the Court's March 29, 2007, Order Denying Rangel Plaintiffs' Request for the Convening of a Three Judge Court and Granting the Rancho San Juan Opposition Coalition Plaintiffs' Motion for Summary Judgment is a frivolous, last-ditch effort by the Rangel Plaintiffs to prevent or delay a vote on the citizen-sponsored Referendum measure that qualified for the ballot over one year ago, and which this Court ordered to be placed on the ballot for the upcoming June 5, 2007, election. The Court should deny this motion as untimely and completely meritless.

I.  **RANGEL PLAINTIFFS' MOTION MUST BE DENIED AS UNTIMELY BECAUSE NO APPEAL IS PENDING**

As an initial jurisdictional matter, Rangel Plaintiffs' instant request for an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c) must be denied as premature. Rule 62(c) requires that an appeal must be filed from the underlying judgment **before** the district court may entertain a request to suspend, modify, or grant an injunction during the pendency of the appeal:

> "**When an appeal is taken** from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction **during the pendency of the appeal** upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." (Emphasis added.)

As confirmed by the court in *Barber v. Simpson*, No. 2:05-CV-2326, 2006 WL 2548189 (E.D. Cal. Sept. 1, 2006), a request for a Rule 62(c) injunction is "premature" if plaintiff has not yet filed an appeal to the Ninth Circuit. *Id*. at *4; *see also McClatchy Newspapers v. Central Valley Typographical Union No. 46., Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982) (Rule 62(c) codifies the "narrowly limited right of a trial court to make orders appropriate to preserve the status quo *while the case is pending in (an) appellate court*") (emphasis added). Because Rangel Plaintiffs have apparently not yet filed an appeal from the underlying judgment to the Ninth Circuit, their request for relief under Rule 62(c) is premature and must be denied on that ground alone.

II. **RANGEL PLAINTIFFS' MOTION MUST BE DENIED ON ITS MERITS BECAUSE PLAINTIFFS CANNOT SATISFY — AND MAKE NO EFFORT TO DEMONSTRATE THAT THEY CAN SATISFY — THE STATUTORY STANDARD FOR THE EXTRAORDINARY RELIEF THEY SEEK**

Even if the Rangel Plaintiffs' motion were not untimely, it would fail on its merits because

1

*In re Monterey Referendum* (Case Nos. C 06-02202 JW, C 06-02369 JW)
RSJOC'S OPPOSITION TO RANGEL'S MOTION FOR INJUNCTION PENDING APPEAL

Rangel Plaintiffs utterly fail to demonstrate that they are entitled to the extraordinary relief they seek. Rangel Plaintiffs request that this Court completely reverse the judgment and injunction it granted requiring that the Referendum be placed on the June 5, 2007, election ballot, or alternatively, that the Court modify its injunction either to require that voters be instructed not to vote on the Referendum, or to prohibit elections officials from tabulating and publishing the election result on the measure.

As Rangel Plaintiffs acknowledge in their moving papers, a party asking the court to suspend or modify an injunction pursuant to Rule 62(c) must demonstrate: (1) that there is a "strong showing" that it is likely to succeed on the merits; (2) that it will be irreparably injured in absence of such relief; (3) that the requested relief will not substantially injure the other parties interested in the proceeding; and (4) that the requested relief is in the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also* 11 Wright & Miller, Federal Practice & Procedure § 2904 (2d ed. 2007). None of these factors supports granting Rangel Plaintiffs' motion in this case.

First, Rangel Plaintiffs have not made ***any*** showing — much less a "strong showing" — that they will likely succeed on the merits. Indeed, they do not even challenge the ***substantive basis*** for this Court's March 29, 2007, Judgment on the merits, which found that the Referendum was not invalid under Section 203 of the federal Voting Rights Act ("VRA") and therefore ordered that the measure must be submitted to voters at the June election. Instead, Rangel Plaintiffs merely rehash their argument that their lawsuit (but, significantly, *not* RSJOC's removed action) should have been directed to a three-judge court because an entirely different section of the VRA — Section 204 — prescribes the convening a three-judge court in an action initiated by the United States Attorney General. Rangel Plaintiffs do not address why the injunction issued by this Court *in the RSJOC action* was in any way improper, nor do they suggest why there is any reason to believe that a three-judge court would have rendered a different ruling on the merits of their Voting Rights Act claim. Rangel Plaintiffs thus fail to satisfy — or even to *attempt* to satisfy — the critical requirement under Rule 62(c) that they demonstrate a "strong showing" of a likelihood of success on the merits.

Similarly, even with respect to the single issue which Rangel Plaintiffs do address in their motion — the necessity of convening a three-judge court for their action — they fail to demonstrate

2

*In re Monterey Referendum* (Case Nos. C 06-02202 JW, C 06-02369 JW)
RSJOC's Opposition to Rangel's Motion for Injunction Pending Appeal

that they are likely to succeed on appeal. This Court devoted four pages in its March 29, 2007, Order comprehensively addressing Rangel Plaintiffs' arguments on this issue and explaining why they were not entitled to litigate their case before a three-judge court. *See* March 29, 2007, Order, at 7-11. Rangel Plaintiffs' instant motion does not contain any response whatsoever to the Court's extensive analysis or reasoning, but instead merely repeats and summarizes the arguments that they had previously made to this Court, which were rightly rejected for the reasons set forth in the Court's Order. Rangel Plaintiffs certainly cannot be considered to have satisfied their burden of demonstrating a likelihood of success on the merits when they have not even attempted to explain why the Court's prior reasoning and ruling was incorrect.

Rangel Plaintiffs likewise cannot satisfy the other critical requirement for the relief they seek under Rule 62(c): demonstrating that they will be irreparably injured in the absence of the requested relief. Without making any showing that the Court's underlying decision on the merits was incorrect, Rangel Plaintiffs cannot demonstrate that they have suffered or will suffer *any* injury — much less *irreparable* injury — simply because the matter was heard by a single judge rather than by three judges. Nor have Rangel Plaintiffs demonstrated how they will suffer any irreparable injury from allowing an election on the Referendum measure to proceed when that election will be held in full compliance with the Voting Rights Act, with all materials relating to the Referendum translated into Spanish. In stark contrast, RSJOC Plaintiffs would be irreparably injured if the Court were to grant any of the relief requested by Rangel Plaintiffs. Such relief would significantly interfere with and would essentially nullify the election on the Referendum, thereby denying RSJOC Plaintiffs and the more than 15,000 registered voters of Monterey County who signed the Referendum petitions their First Amendment rights to petition the government for redress of their grievances. *See Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002) (a denial of the First Amendment rights to petition "unquestionably constitutes irreparable injury").

Finally, as is confirmed by County Defendants' Response to Rangel Plaintiffs' Motion for Injunction Pending Appeal, it is no longer possible at this late date to grant either of the first two alternative forms of injunctive relief requested by Rangel Plaintiffs — to remove the Referendum from the June 5, 2007, ballot or to somehow instruct voters not to cast a vote on the measure. *See*

3

*In re Monterey Referendum* (Case Nos. C 06-02202 JW, C 06-02369 JW)
RSJOC'S OPPOSITION TO RANGEL'S MOTION FOR INJUNCTION PENDING APPEAL

County Defendants' Response, at 2-4.  Rangel Plaintiffs' remaining alternative request for relief — to enjoin the elections officials from processing the results of the election on the measure — is similarly inappropriate.  California courts have repeatedly recognized that the judiciary cannot and should not interfere with the electoral process by prohibiting votes on ballot measures from being tabulated based upon the alleged invalidity of the measure.  As the California Supreme Court held, it would be "an ***intolerable interference*** with the people's reserved legislative power to prevent the official recordation of their vote."  *Kevelin v. Jordan*, 62 Cal. 2d 82, 83 (1964) (emphasis added); *see also Martinez v. Board of Supervisors of County of Sonoma*, 23 Cal. App. 3d 679, 684 (1972) ("It is well settled that mandamus will not be issued to prevent the official recordation of the vote of the people under their reserved legislative power regardless of the apparent unconstitutionality of the measure, if any.").[1]

RSJOC Plaintiffs therefore respectfully urge the Court to deny Rangel Plaintiffs' motion in its entirety.

DATE: April 11, 2007                    Respectfully submitted,

STRUMWASSER & WOOCHER LLP
Fredric D. Woocher
Michael J. Strumwasser
Bryce A. Gee

By  /s/
       Fredric D. Woocher

*Attorneys for Plaintiffs Rancho San Juan Opposition Coalition et al.*

---

[1] For these reasons, Rangel Plaintiffs also fail to satisfy the public interest factor of Rule 62(c).  Indeed, the public interest is served here by submitting the duly qualified and valid Referendum measure to a vote and letting the people's voice be heard.

4