OFFICE OF THE MONTEREY COUNTY COUNSEL
CHARLES J. MCKEE (SBN 152458),
  COUNTY COUNSEL
LEROY W. BLANKENSHIP (SBN 065233),
  ASSISTANT COUNTY COUNSEL
EFREN N. IGLESIA (SBN 71309),
  SENIOR DEPUTY COUNTY COUNSEL
168 W. ALISAL, 3RD FLOOR
SALINAS, CA 93901-2680
Telephone: (831) 755-5045
Facsimile: (831) 755-5283

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
STEPHEN N. ROBERTS (SBN 062538)
50 CALIFORNIA STREET, 34TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4799
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
Email: montereycase@nossaman.com

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
JOHN J. FLYNN III (SBN 076419)
18101 VON KARMAN AVENUE
IRVINE, CA 92612-0177
Telephone: (949) 833-7800
Facsimile: (949) 833-7878
Email: montereycase@nossaman.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:  County of Monterey Initiative Matter | NO:  C 06-01407 JW |
| | NO:  C 06-02202 JW |
| and | NO:  C 06-02369 JW |
| In re:  Monterey Referendum | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO CLARIFY OR ALTER JUDGMENT** |
| | Date:  May 21, 2007 |
| | Time:  9:00 a.m. |
| | Place:  Courtroom 8 |
| | Judge:  Honorable James Ware |

213289_1.DOC

**TABLE OF CONTENTS**

I.     INTRODUCTION AND SUMMARY OF ISSUE TO BE DECIDED..............................1

II.    FACTUAL AND PROCEDURAL BACKGROUND.......................................................2

III.   ARGUMENT ........................................................................................................................3

       A.  The Court Should Grant This Motion To Alter The Judgment Because It
           Would Be Manifestly Unjust For The Court To Decide In Its Judgment
           The Issue Of Plaintiffs' Entitlement To Attorneys' Fees Without Prior
           Briefing Or Argument. ..........................................................................................3

       B.  The Procedural Prerequisites For An Order Awarding Attorneys' Fees
           Have Not Been Fulfilled. .....................................................................................4

       C.  Plaintiffs Are Not Entitled to Fees ......................................................................5

       1.  Plaintiffs Have Not Prevailed In A Suit To Enforce Federal Voting Rights
           Guarantees And Thus They Are Not Entitled To Attorney's Fees.........................5

       2.  Plaintiffs Are Not Entitled To Attorneys' Fees Under The California State
           Private Attorney General Statute. ........................................................................7

       3.  A Fee Award Against Individual Defendants Would Be Improper.....................8

IV.    CONCLUSION.....................................................................................................................8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO CLARIFY OR
ALTER JUDGMENT

# TABLE OF AUTHORITIES

<u>(Page)</u>

**Cases**

*Alyeska Pipeline Service Co. v. Wilderness Society*
421 U.S. 240, 248 (1975).........................................................................5, 7

*Campuzano v. Ill. State Bd. of Elections,*
241 F.Supp.2d 892, 1895 (N.D.Ill. 1003). ...........................................6

*Charles v. Daley*
846 F.2d 1057, 1063 (7th Cir. 1988) ....................................................6

*Control Data v. S.C.S.C Corp.*
53 F.3rd 930, 938 (8th Cir. 1995) .......................................................7

*Diamond v. Charles*
492 U.S. 905 .........................................................................................6

*Guimand v. Trans Union Credit Information Co.*
45 F. 3d 1329, 1336 (9th Cir. 1995) ...................................................7

*King v. Ill. State Bd. of Elections*
410 F.3d 404, 412 (7th Cir. 2005) ......................................................6

*Padilla v. Lever*
429 F.3d 910 (9th Cir. 2005), *opinion withdrawn,* 446 F.3d 963 (2006) ...........................2, 3

*Padilla v. Lever*
463 F.3d. 1046 (9th Cir. 2006) *en banc* ............................................3

*School District No. 1J, Multnomah Cty. v. Acands*
5 F.3d 1255, 1263 (9th Cir. 1993) .....................................................4

*Seals v. Quarterly County Court*
562 F.2d 390, 393 (6th Cir. 1977) ......................................................5

*Texas A&M Research Foundation v. Magna Transp. Inc.*
338 F.3d 394, 406 (5th Cir. 2003) ......................................................7

*Torres v. Sachs*
538 F.2d 10, 12 and n.2 (2nd Cir. 1976) ............................................6

*UNOCAL Corp. v. U.S.*
222 F.3d 528, 543 (9th Cir. 2000) .....................................................7

**Statutes**

Voting Right Act, 42 USC § 1973 *l* ...........................................................2, 5, 6

213289_1.DOC                                     - ii -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

(Page)

Cal. Code Civ. Proc. § 1021.5 ...................................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO CLARIFY OR ALTER JUDGMENT

## I.    INTRODUCTION AND SUMMARY OF ISSUE TO BE DECIDED

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendant County of Monterey, its Board of Supervisors and Anthony Anchundo (the "County Defendants") bring this motion to clarify or alter the judgment entered by the Court on March 29, 2007 (the "Judgment"), to strike the word "fees" in the sentences possibly awarding attorney fees.

The language that concerns the defendants is the following:

1.    "The plaintiffs are entitled to recover reasonable costs and <u>fees</u>." Page 1, line 26, of Judgment, emphasis added.

2.    "The plaintiffs are entitled to recover reasonable costs and <u>fees</u>." Page 2, lines 8-9, of Judgment, emphasis added.

It is unclear to defendants whether the Court intended to include attorneys' fees within the meaning of "fees" in these sentences.  The County Defendants take the meaning not to include attorneys' fees, because of the sentence that follows, which explicitly permits the plaintiffs in the *Melendez* case and *Rancho San Juan* case to file a motion requesting them.  However, the language is sufficiently unclear to the County Defendants that they are compelled to file this motion either to clarify that the word "fees" that have been awarded does not include attorneys' fees; or to alter the judgment to eliminate the word, because plaintiffs have not established the prerequisite for an award of attorneys' fees.  The County Defendants are concerned that unless they bring this motion they might be deemed to have waived any objection to an award of such fees, in view of the specific time requirements of the rules.

The County submits that this Motion must be decided in its favor, because plaintiffs would not be entitled to attorneys' fees.  At the time of Judgment and as of the time this Motion was finalized, a motion for attorneys' fees had not been brought and the issue of entitlement to attorneys' fees has never been briefed.  Further, they would not be entitled to such fees had the brought such a motion.  As will be explained, plaintiffs did not bring private attorney general type actions to enforce voting rights and thus are not entitled to attorneys' fees pursuant to the Voting Rights Act provisions at 42 U.S.C. 1973 *l*.  Nor

1    are they entitled to fees under any other statute.  Accordingly, the County requests that the word "fees"

2    be stricken from the judgment as requested.

3

4    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

5            The factual and procedural background of this matter was set out in extensive detail in the

6    summary judgment motion papers, and is familiar to the Court; therefore it will be summarized only

7    briefly here.

8            *In Re County of Monterey Initiative Matter.*  A group circulated an initiative petition which, if

9    passed, would amend certain zoning and land development provisions of the Monterey General Plan and

10   would require a public election for future zoning changes.  The initiative proponents filed a notice of

11   their intent to circulate the petition; all initiative materials were in English only.  A group of Spanish-

12   speaking citizens (the *Madrigal* plaintiffs) filed a lawsuit against the County in this Court, asking for

13   declaratory judgment that the English-only materials violated the Voting Rights Act.  The County's

14   Board voted not to place the initiative on the ballot on the basis that the initiative was not reflected in

15   both English and Spanish materials.  The proponents of the Initiative brought a mandamus action in

16   State Court (*Melendez* action) to compel the County to place the Initiative on the ballot; the County

17   removed the case to this Court and it was consolidated with *Madrigal*.  In their State Court Petition, the

18   *Melendez* plaintiffs did <u>not</u> pursue enforcement of the Federal Voting Rights Act.  In their prayer for

19   relief, the *Melendez* plaintiffs pray for attorneys' fees, but do not cite any statute, much less the civil

20   rights enforcement fee statute at 42 USC § 1973 *l*.  Thus, although the action was removed to this Court

21   on the basis of a federal question jurisdiction, as the County Defendants' defense was based on the

22   Federal Voting Rights Act, the action was not brought by plaintiffs under the Voting Rights Act.  The

23   Court agreed with the County's decision to enforce the Voting Rights Act, relying in part on the initial

24   decision in *Padilla*. *Padilla v. Lever,* 429 F.3d 910 (9th Cir. 2005), *opinion withdrawn,* 446 F.3d 963

25   (2006).  Plaintiffs appealed.  While an appeal, an *en banc* panel of the Ninth Circuit reversed that

26   Court's prior decision and this case was remanded to this Court for a decision in light of its new

27

28   213289_1.DOC                                  - 2 -

1  decision. *Padilla v. Lever,* 463 F.3d. 1046 (9th Cir. 2006) *en banc.* While on remand, the County's

2  Board determined to put the measure on the June ballot.

3      ***In re Monterey Referendum Matter.*** On November 7, 2005, the County passed a resolution to

4  amend certain provisions of the Monterey County General Plan, the Greater Salinas Area Land Use

5  Plan, and the Rancho San Juan Area of Development Concentration Guidelines and Principles. The

6  Rancho San Juan Opposition Coalition and other opponents to the Resolution began circulating a

7  referendum against the Resolution. The Referendum materials were printed in English only. The

8  County initially placed the Referendum on the June 2006 ballot. The *Rangel* plaintiffs filed an action in

9  Federal Court seeking a declaration that the Referendum was invalid under the Voting Rights Act. The

10 County withdrew the referendum from the June ballot citing the initial decision in *Padilla v. Lever,* 429

11 F.3d 910 (9th Cir. 2005), *opinion withdrawn,* 446 F.3d 963 (2006). In April 2006, the *Rancho San Juan*

12 *Opposition Coalition v. Board of Supervisors Of the County of Monterey* action was filed in State Court,

13 seeking declaratory and injunctive relief to compel the Board to put the Referendum to the voters at the

14 next election. In their Petition, the *Rancho* plaintiffs did not allege any violation of voting rights or

15 pursue enforcement of voting rights guarantees. The action was removed to Federal Court by the

16 County Defendants on the federal question and consolidated with *Rangel.* This Court determined that,

17 after the *en banc* decision in *Padilla* translation was not required, and ordered the referendum on the

18 ballot. The County has put it on the June ballot.

19     In its Order dated March 29, 2007, the Court granted the *Melendez* and *Rancho* plaintiffs'

20 motions. In the Judgment also dated March 29, 2007, the Court, among other things, stated that the

21 *Melendez* and *Rancho* plaintiffs were entitled to recover reasonable "fees."

22 **III.   ARGUMENT**

23      **A.    The Court Should Grant This Motion To Clarity or Alter The Judgment Because It
24             Would Be Manifestly Unjust For The Court To Decide In Its Judgment The Issue
25             Of Plaintiffs' Entitlement To Attorneys' Fees Without Prior Briefing Or Argument.**

26     Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may bring a Motion to alter or

27 amend a judgment. As summarized by the Ninth Circuit, relief under Rule 59(e) is appropriate if the

28 213289_1.DOC                              - 3 -

1   district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial

2   decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See School*

3   *District No. 1J, Multnomah Cty. v. Acands*, 5 F.3d 1255, 1263 (9th Cir. 1993). A clarification that the

4   word "fees" was not meant to include attorneys' fees would moot the need for such a motion. However,

5   if the Court did award attorneys' fees, the County defendants respectfully submit that portion of the

6   Judgment should be stricken for all of the reasons argued below and particularly in light of the complete

7   absence of any briefing or argument regarding plaintiffs' alleged entitlement to attorneys' fees.

8
9
**B.**     **The Procedural Prerequisites For An Order Awarding Attorneys' Fees Have Not Been Fulfilled.**

10  A judgment entitling plaintiffs to attorneys' fees is premature and inappropriate at this time,

11  because the requisite briefing has not occurred.   A motion is required.  Rule 54(d)(2)(A) of the Federal

12  Rules of Civil Procedure specifically requires that a party seeking attorneys' fees file a written motion,

13  "Claims for attorneys' fees and related non-taxable expenses shall be made by motion unless the

14  substantive law governing the action provides for the recovery of such fees as an element of damages to

15  be proved at trial." FRCP 54(d)(2)(A). No motion for attorneys' fees has been made in this matter, nor

16  has any briefing bearing on the subject been submitted and exchanged. While of course plaintiffs may

17  bring such a motion, an award of such fees should not be included in a judgment until the motion is

18  brought and decided.

19  Further, Rule 54(d)(2)C) requires the Court, in any determination of liability for fees, to issue

20  findings of facts and conclusions of law. The Court's Judgment does not include any such findings and

21  conclusions as they would not logically follow until after plaintiffs' motion was decided. Therefore, any

22  portion of the Judgment awarding plaintiffs attorneys' fees in this matter is premature at best and the

23  Judgment should be altered for that reason.

24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO CLARIFY OR
ALTER JUDGMENT

## C.   Plaintiffs Are Not Entitled to Fees

### 1.   Plaintiffs Have Not Prevailed In A Suit To Enforce Federal Voting Rights Guarantees And Thus They Are Not Entitled To Attorney's Fees.

Even if that part of the Judgment possibly awarding attorneys' fees to the plaintiffs were not considered to be premature, it should be stricken on its merits. The County Defendants are constrained somewhat in addressing this part of their motion, because they do not know what plaintiffs' theories are. The presumption is plaintiffs would attempt to seek attorneys' fees under the Voting Rights Act and/or under the California state private attorney general statute, and so both will be addressed here. As detailed below, no grounds exist under either theory for plaintiffs' entitlement to attorneys' fees.

With respect to any fees that can be awarded under the federal statutory framework, in the absence of a specific authorizing statute, the federal courts follow the "American Rule." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 248 (1975). A federal court normally will not order one party in a case to pay another party's attorneys' fees unless Congress has authorized such fee awards by statute. *See id.* The *Alyeska* case was a major turning point in the development of the law in this regard and severely limited such awards in Federal Courts. Generally, there must be an express authorization by Congress for attorney fees to be awarded. *Id.*

Plaintiffs may argue, albeit incorrectly, that the Federal Voting Rights Act is such an Act of Congress that entitles them to attorneys' fees. That is not correct. The Federal Voting Rights Act provides for an award of attorneys' fees to the prevailing party under specific circumstances, not applicable here:

> "In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment [UCSC Constitution, Amendments 14, 15] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." 42 U.S.C. 1973 *l* (emphasis added).

An award of attorney's fees is thus allowed only where an action or proceeding has been brought to enforce voting guarantees. Courts have frequently acknowledged that 42 U.S.C. § 1973 *l* was enacted to provide for an award of attorneys' fees in a Voting Rights Act case where plaintiffs have brought a

213289_1.DOC                                    - 5 -

private attorney general type of claim to enforce voting rights. *See, e.g., Seals v. Quarterly County Court,* 562 F.2d 390, 393 (6th Cir. 1977). The Seventh Circuit Court of Appeals articulated the purpose of Section 1973 *l* to encourage private citizens to initiate court action to correct violations of voting rights statutes:

> The purpose of § 1973*l*(e) and § 1988 is "to ensure effective access to the judicial process" for persons with civil rights or voting rights grievances. *Hensley,* 461 U.S. at 429 (internal quotations omitted). This court has recognized that, by providing a "reasonable attorneys' fee" to "those who as 'private attorneys general' take it upon *themselves* to invoke and thereby invigorate federal constitutional and statutory rights," Congress hoped "to encourage private citizens to initiate court action to correct violations of the Nation's civil rights statutes . . . and . . . to insure that those who violate the Nation's fundamental laws do not proceed with impunity." *Charles v. Daley,* 846 F.2d 1057, 1063 (7th Cir. 1988) (emphasis in original), *cert. denied sub nom. Diamond v. Charles,* 492 U.S. 905, 106 L. Ed. 2d 564, 109 S. Ct. 3214 (1989).

*King v. Ill. State Bd. of Elections,* 410 F.3d 404, 412 (7th Cir. 2005). *See also Torres v. Sachs,* 538 F.2d 10, 12 and n.2 (2nd Cir. 1976) (voting rights enforcement by litigation is to be encouraged by reasonable fee awards). In *King v. Ill. State Bd.,* the Seventh Circuit Court, in its analysis of whether or not intervenors should be awarded attorney's fees under Section 1973 *l*, described and answered what it determined to be the critical inquiry:

> "[W]hat matters is that they successfully protected rights guaranteed to them under the Constitution of the United States and the Voting Rights Act. It is for this reason that we think their position in this case can be analogized to that of traditional civil rights plaintiffs. Awarding attorneys' fees to the intervenors promotes the underlying goals of the fee-shifting statutes. The efforts of the intervenors furthered the rights that Congress sought to protect in the civil rights statutes. (citation omitted)

*King, supra,* 410 F3d at 419. Consistent with this reasoning, courts have rejected claims for attorneys' fees under Section 1973 *l* where the "prevailing party" had not sought to rectify a violation of voting rights. *Campuzano v. Ill. State Bd. of Elections,* 241 F.Supp.2d 892, 1895 (N.D.Ill. 1003).

The actions brought by plaintiffs were not brought to rectify any violation of voting rights within the meaning of the Voting Rights Act statute. No such allegations are made in their petitions or other pleadings. Although each may argue it is a "prevailing party" in that the Initiative and the Referendum

1  have been ordered to be put on the ballot in June, neither of them was a prevailing party in the context of

2  § 1973 *l* since neither sought to establish or rectify a violation of civil rights.  They cannot therefore

3  receive a windfall of attorneys' fees by simply casting themselves as such at this late stage in the

4  litigation, when such an assertion is not consistent with the thrust and plain language of their allegations.

5  Any claim for attorneys' fees should be denied.

6

7        **2.    Plaintiffs Are Not Entitled To Attorneys' Fees Under The California State**

8              **Private Attorney General Statute.**

9        If plaintiffs seek attorneys' fees under the California state private attorney general statute,

10  California Code of Civil Procedure section 1021.5, that misguided effort should fail as well.  Under

11  Section 1021.5, a party may be awarded attorneys' fees only in specific circumstances:

12              "Upon motion, a court may award attorneys' fees to a successful
             party against one or more opposing parties in any action which has
13              resulted in the enforcement of an important right affecting the public
             interest if: (a) a significant benefit, whether pecuniary or nonpecuniary,
14              has been conferred on the general public or a large class of persons, (b) the
             necessity and financial burden of private enforcement, or of enforcement
15              by one public entity against another public entity, are such as to make the
             award appropriate, and (c) such fees should not in the interest of justice be
16              paid out of the recovery, if any."  Cal. Code Civ. Proc. § 1021.5.

17  This section is often referred to as California's "private attorney general" doctrine.  *See UNOCAL Corp.*

18  *v. U.S.*, 222 F.3d 528, 543 (9th Cir. 2000).

19        However, in Federal Court, the opportunities to use § 1021.5 are severely limited.  As Moore's

20  treatise states:

21              "In cases within the district courts' federal question jurisdiction, state fee shifting
             statutes generally are inapplicable."

22
23  Moore's Federal Practice: (3d Ed.) Vol. 10, § 54.171 [5].  The exceptions are diversity cases (*Alyeska,*

23  *supra,* at 259, n. 31) and derivative claims (*See, e.g., Control Data v. S.C.S.C Corp.,* 53 F.3rd  930, 938

24  (8th Cir. 1995).  These were not diversity cases, nor were there any pendent claims – the only issue was a

25  federal question issue, the Federal Voting Rights Act.  There is neither a federal statute, nor general

26  decisional law, that would permit application of a state fee shifting statute to this case.  Therefore the

27
28  213289_1.DOC                                    - 7 -

1    "American Rule" as expressed in the Federal Courts applies and plaintiffs are not entitled to a fee

2    award."

3         Indeed, even in pendent jurisdiction and diversity cases, the state fee shifting statute is not

4    allowed where it would be contrary to federal policy – that is, preempted by federal law.  *E.g., Guimand*

5    *v. Trans Union Credit Information Co.,* 45 F. 3d 1329, 1336 (9th Cir. 1995); *Texas A&M Research*

6    *Foundation v. Magna Transp. Inc.,* 338 F.3d 394, 406 (5th Cir. 2003).  Here, it would be preempted by

7    the Voting Rights Act attorneys' fee statute.  We do not know under what precise theory plaintiffs will

8    try to claim, but it is apparent that they will not be entitled to do so.  Consequently, this motion should

9    be granted.

10              **3.      A Fee Award Against Individual Defendants Would Be Improper**

11        The entitlement to a fee award also appears to be addressed against all defendants, including an

12   individual defendant.  Normally, assuming all else was correct a fee award would be addressed to the

13   County, not to one of its individuals, who was simply carrying out ministerial duties.  No evidence or

14   argument has been supplied that the individual (Mr. Anchundo) should be the subject of a fee award

15   and, so the judgment should be altered for that reason as well.

16   **IV.    CONCLUSION**

17        Based on the foregoing, the County requests that the Judgment be modified such that the word

18   "fees" should be stricken from the following two sentences:

19        1.        "The plaintiffs are entitled to recover reasonable costs and fees."  Page 1, line 26, of

20                  Judgment.

21        2.        "The plaintiffs are entitled to recover reasonable costs and fees."  Page 2, lines 8-9, of
                    Judgment.

22

23

24

25

26

27

28   213289_1.DOC                          - 8 -
     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO CLARIFY OR
                                    ALTER JUDGMENT

1    Dated: April 12, 2007                NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

2                                                          / S /

3                                          By:_____
                                                STEPHEN N. ROBERTS

4                                          Attorneys for Defendants
                                           COUNTY OF MONTEREY, THE BOARD OF
5                                          SUPERVISORS OF THE COUNTY OF MONTEREY, AND
                                           ANTHONY ANCHUNDO
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

213289_1.DOC                              - 9 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO CLARIFY OR
ALTER JUDGMENT