**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re: County of Monterey Initiative Matter

and

In re: Monterey Referendum

_____/

No. C 06-01407 JW
C 06-02202 JW

**ORDER DENYING *RANGEL* PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**

On March 29, 2007, the Court issued an order (1) denying *Rangel* Plaintiffs' request for the convening of a three-judge court; (2) granting the *Melendez* and the Rancho San Juan Opposition Coalition Plaintiffs' motion for summary judgment; and (3) ordering Monterey County to submit the initiative and referendum to the voters at the June 5, 2007 County election. (See Docket Item No. 73.[1]) Presently before the Court is the *Rangel* Plaintiffs' Motion for an Injunction Pending Appeal of the Court's March 29, 2007 Order. (hereafter, "Motion," Docket Item No. 76.) The *Rangel* Plaintiffs request an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c). (Motion at 2.)

Rule 62(c) provides, *inter alia*:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Fed. R. Civ. P. 62(c). In considering a Rule 62 stay of proceedings to enforce a judgment, the court

---

[1] Citations are to the docket in Civil Case No. 06-02202 JW.

1  uses the usual standard for considering a preliminary injunction motion.  Tribal Village of Akutan v.
2  Hodel, 859 F.2d 662, 663 (9th Cir. 1988).[2]  Specifically, the moving party must demonstrate either
3  (1) a combination of probable success on the merits and a possibility of irreparable injury or (2) that
4  serious questions are raised and the balance of hardships tips sharply in the moving party's favor.
5  Los Angeles Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980).
6    In this case, the *Rangel* Plaintiffs cannot demonstrate a possibility of irreparable injury, or
7  that the balance of hardships tips sharply in their favor.  The injury that the *Rangel* Plaintiffs
8  anticipate is that the referendum will pass "in an election that violates federal law." (Motion at 6.)
9  However, the injury is presently speculative: it will not occur unless (1) the voters approve the
10 referendum at the June 5, 2007 county election and (2) the Ninth Circuit reverses the Court's March
11 29, 2007 Order.  If the *Rangel* Plaintiffs do suffer this injury, the Court can redress it by enjoining
12 the enforcement of the referendum.  Since the *Rangel* Plaintiffs have not demonstrated irreparable
13 injury, the Court need not consider whether they have demonstrated probable success on the merits.[3]
14   The Court DENIES the *Rangel* Plaintiffs' Motion for an Injunction Pending Appeal.

17 Dated: April 25, 2007
                  JAMES WARE
18                   United States District Judge

---

[2] Although the specific issue before the Ninth Circuit in Hodel was the standard to be used in cases under Federal Rule of Civil Procedure 62(g), the court suggested in dicta that the same standard would apply in Rule 62(c) cases. Id.

[3] Phrased differently, the *Rangel* Plaintiffs have not shown that the balance of hardships tips sharply in their favor, since the Court can later enjoin the enforcement of the referendum if necessary.  Accordingly, the Court need not consider whether the *Rangel* Plaintiffs have demonstrated that their appeal raises "serious questions."

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Fredric D. Woocher fwoocher@strumwooch.com
Joaquin Guadalupe Avila avilaj@seattleu.edu
John Andrew Ramirez jramirez@rutan.com
Mark J. Austin maustin@rutan.com
Michael J. Strumwasser mstrumwasser@strumwooch.com
Stephen N. Roberts sroberts@nossaman.com

**Dated: April 25, 2007**                              **Richard W. Wieking, Clerk**

                                         **By:  /s/ JW Chambers**
                                             **Elizabeth Garcia**
                                             **Courtroom Deputy**