OFFICE OF THE MONTEREY COUNTY COUNSEL
CHARLES J. MCKEE (SBN 152458),
 COUNTY COUNSEL
LEROY W. BLANKENSHIP (SBN 065233),
 ASSISTANT COUNTY COUNSEL
EFREN N. IGLESIA (SBN 71309),
 SENIOR DEPUTY COUNTY COUNSEL
168 W. ALISAL, 3RD FLOOR
SALINAS, CA 93901-2680
Telephone: (831) 755-5045
Facsimile: (831) 755-5283

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
STEPHEN N. ROBERTS (SBN 062538)
50 CALIFORNIA STREET, 34TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4799
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
Email: montereycase@nossaman.com

NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
JOHN J. FLYNN III (SBN 076419)
18101 VON KARMAN AVENUE
IRVINE, CA 92612-0177
Telephone: (949) 833-7800
Facsimile: (949) 833-7878
Email: montereycase@nossaman.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: County of Monterey Initiative Matter<br><br>and<br><br>In re: Monterey Referendum | NO: C 06-01407 JW<br>NO: C 06-02202 JW<br>NO: C 06-02369 JW<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CLARIFY OR ALTER JUDGMENT**<br><br>Date: May 21, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 8<br>Judge: Honorable James Ware |

214369_1.DOC

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CLARIFY OR ALTER JUDGMENT

# TABLE OF CONTENTS

(Page)

I. INTRODUCTION ...................................................................................................2

II. PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES ...................................2

    A. An Award Cannot Be Made Unless Plaintiffs First Bring a Motion ..................2

    B. The Plaintiffs are not Entitled to Fees Under the Voting Rights Act ................4

    C. The Plaintiffs are not Entitled to Fees Under State Law .................................6

III. CONCLUSION .......................................................................................................8

**Cases**

*Alyeska Pipeline Service Co. v. Wilderness Society*,
421 U.S. 240, 248 (1975) .......... 6

*Bouman v. Bloch*,
940 F.2d 1211, 1237 (9th Cir. 1991) .......... 6

*Christianburg Garmet Co. v. E.E.O.C.*,
434 U.S. 412, 421 (1978) .......... 5

*Crenshaw v. General Dynamics Corp.*,
940 F.2d 125, 129 (5th Cir. 1991) .......... 2

*Guimond v. Trans Union Credit Information Company*,
45 F.3d 1329 (9th Cir. 1995) .......... 7

*King v. Illinois State Board of Elections*,
410 F.3d 404, 415 (7th Cir. 2005) .......... 4, 5

*Parks School of Business, Ins. v. Symington*,
51 F.3d 1480 (9th Cir. 1995) .......... 5

*Southworth Machine Company v. F/V Corey Pride*,
994 F.2d 37, 41-42 (1st Cir. 1993) .......... 7

*Texas A & M Research Foundation v. Magna Transportation Inc.*,
338 F. 3d 394, 406 (5th Cir. 2003) .......... 7

*Williams v. Alioto*,
625 F.2d 845 (9th Cir. 1980) .......... 3

**Statutes**

42 U.S.C. § 1973 *l*(e) .......... 3, 4
42 U.S.C. § 1988 .......... 3, 4, 5

Cal. Code Civ. Pro. §§ 526 .......... 3
Cal. Code Civ. Pro. §§ 1060 .......... 3
Cal. Code Civ. Pro. §§ 1085 .......... 3

Fed. R. Civ. Pro. 54(d)(1),(2) .......... 2
Fed. R. Civ. Pro. 54(d)(2) .......... 2, 3, 4

**Treatises**

10 *Moore's Federal Practice 3d* § 54.150 (Matthew Bender 2006) .......... 2
10 *Moore's Federal Practice 3d* § 54.171[5] .......... 6

## I. INTRODUCTION

The *Melendez* and *Rancho San Juan* plaintiffs are not entitled to an award of attorney's fees in their judgment because:

1. Procedurally such an award would be appropriate only after a timely, properly briefed motion.

2. The Federal Voting Rights Act (Voting Rights Act) does not permit an award, unless the assertion of the Voting Rights Act was frivolous, unreasonable or in bad faith.

3. As to California's fee shifting statute, there is no federal authority permitting such recovery for plaintiffs; further, they are barred by the doctrine of preemption because the Voting Rights Act permits recovery only where the Voting Rights Act claim was frivolous, unreasonable or in bad faith, and that preempts any broader state fee recovery statue.

## II. PLAINTIFFS ARE NOT ENTITLED TO ATTORNEY'S FEES

### A. An Award Cannot Be Made Unless Plaintiffs First Bring a Motion

In contrast to Rule 54(d)(1), which allows courts to award costs as a matter "of course" to prevailing parties, the "proper method for seeking attorney's fees, whether the basis for the fee is statutory or equitable, is <u>the filing of a timely motion</u>" under Rule 54(d)(2). (10 *Moore's Federal Practice 3d* § 54.150 (Matthew Bender 2006) (emphasis added); *Crenshaw v. General Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991) (Rule 54(d) does not create a substantive right to attorney's fees, but rather sets forth what procedure should be followed to obtain them); Fed. R. Civ. Pro. 54(d)(1),(2).) There are only a few exceptions to this rule, one of which is that a motion need not be made if "<u>the substantive law governing the action</u> provides for the recovery of such fees <u>as an element of damages to be proved at trial</u>." (Fed. R. Civ. Pro. 54(d)(2) (emphasis added); *see* other exceptions listed at 10 *Moore's Federal Practice 3d* § 54.150.) Indisputably, plaintiffs here never moved for attorneys fees under Rule 54. To get around this fact, plaintiffs appear to invoke the foregoing exception, arguing that they need not move for fees at all because courts "frequently" and "summarily declare a prevailing party's entitlement to attorney's fees when . . . that determination <u>flows directly from the statutory requirement</u>." (Melendez Plaintiffs' and RSJOC Plaintiffs' Opposition to Defendant's Motion to Clarify

or Alter Judgment ("Opposition"), 6:7-9 (emphasis added).) This argument is fundamentally flawed because it ignores the nature of the action at issue – and the plain language of Rule 54.

As an initial matter, Rule 54 waives the motion requirement when attorney's fees are <u>an element of damages to be proved at trial</u>, and not simply when the "determination flows directly from a statutory requirement" as plaintiffs would have this Court believe. (Fed. R. Civ. Pro. 54(d)(2); Opposition, 6:7-9.) As the Court is well aware, this lawsuit began in state court and the original pleading was for a petition for writ of mandate. That pleading also included causes of action for declaratory and injunctive relief. None of the substantive laws governing those causes of action provide for the recovery of attorney's fees as an element of damages to be proven at trial. (*See* Cal. Code Civ. Pro. §§ 526, 1060; 1085; Fed. R. Civ. Pro. 54(d)(2).) (Nor, for that matter, does anything in the Voting Rights Act.) Thus, none of these causes of action provide a ground upon which to invoke the exception to the rule that a party seeking attorney's fees must in fact move for attorneys fees. (Fed. R. Civ. Pro. 54(d)(2).)

Notably, plaintiffs do not even mention this fact, but rather, they appear to argue that the Voting Rights Act is the substantive law in this case. Whether that is true or not is immaterial to the determination of the issue because the Voting Rights Act does not have any cause of action that provides for the recovery of attorney's fees as an element of <u>damages</u> to be proved at trial. (Fed. R. Civ. Pro. 54(d)(2).) In fact, the provision of the Voting Rights Act upon which plaintiffs rely, 42 U.S.C. § 1973 *l*(e), allows attorneys fees to be awarded at the Court's <u>discretion</u>.[1]

In closing this section, it should be noted that neither of the primary cases cited by plaintiffs – *Williams v. Alioto*, 625 F.2d 845 (9th Cir. 1980) and *Gomez*, 863 F.2d 1407 – support plaintiffs' position. The plaintiffs in *Williams* sued for violations of their civil rights and included a cause of action for damages under 42 U.S.C. § 1988. (*Williams,* 847-848.) Upon a finding by the trial court that the plaintiffs were entitled to attorneys fees, attorney's fees were awarded. (*Id.*) There is no mention of whether the plaintiffs moved pursuant to Rule 54 for their fees; but assuming they did not, an award would be proper without a motion because 42 U.S.C. § 1988 expressly allows for such fees and damages

---

[1] The same is true of plaintiffs' claim that fees should be awarded under the private attorney general doctrine (*see,* Cal. Code Civ. Pro. § 1021.5), since any award this statute is voluntary or discretionary on the part of the Court, by the terms of the statute ("may" award).

– and thus failure to file a motion would not be prohibitive of an award. (*See,* 42 U.S.C. § 1988 and Fed. R. Civ. Pro. 54(d)(2).) Similarly, *Gomez* was a case in which the plaintiffs sued to enforce their rights under the Voting Rights Act and the complaint included a cause of action that (again) sought fees under 42 U.S.C. § 1988. (*Gomez,* 1419.) Again, *Gomez* makes no mention of whether the plaintiffs filed a motion for attorney's fees or not; but assuming the plaintiffs did not, an award was proper because (a) the plaintiffs were *prosecuting an Voting Rights Act violation;* and (b) section 1988 and Rule 54 allow for an award of fees under that circumstance. Here, plaintiffs never moved to enforce their civil rights or Voting Rights Act rights, nor did they ever include in their complaint a violation that could piggyback onto 42 U.S.C. § 1988; thus they are not deserving of an award – particularly since they failed to follow the clear language of the federal rule in seeking the award.

To summarize, plaintiffs have failed to timely move for an award of attorneys fees in this case. Thus, they are not entitled to the award. This is particularly true since plaintiffs never sought to enforce any civil rights, but rather, to put their initiative on the ballot in violation of then-valid Ninth Circuit law.

**B.     The Plaintiffs are not Entitled to Fees Under the Voting Rights Act**

Using carefully eclipsed quotes from cases, plaintiffs seek to turn the Voting Rights Act on its head. The Voting Rights Act permits attorney's fees only for parties seeking to <u>enforce</u> its provisions, not these opposing them, unless the person seeking to enforce the Voting Rights Act makes frivolous or bad faith claims. There are no such facts here and plaintiffs are not entitled to attorney's fee recovery.

Section 1973 *l* provides:

> In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment [UCSC Constitution, Amendments 14, 15] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." 42 U.S.C. 1973 *l.*

As can be seen, an award of fees is, at best, discretionary, the Courts routinely award fees to a plaintiff seeking to enforce voting rights within the meaning of civil rights statutes such as the Voting Rights Act. *King v. Illinois State Board of Elections*, 410 F.3d 404, 415 (7th Cir. 2005). But the same is not true of a defendant. *Id.* at p. 416. Rather, an award in a civil rights case is proper only if "the

plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Christianburg Garmet Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978).

There are few cases discussing these issues in the specific context of voting rights cases, and none identified by the parties in the 9th Circuit. However, in a 7th Circuit case cited by both sides, the Court points out that Voting Rights Act cases fall within the same rules as attorney's fee cases under the more general civil rights statutes, such as 42 U.S.C. § 1988. *King, supra*, at p. 412. And the 9th Circuit plainly follows the rule promulgated in *Christianburg* that attorney's fees are awarded to defendants in civil rights cases only if the plaintiff's action was frivolous, unreasonable, without foundation or in bad faith. *Parks School of Business, Ins. v. Symington*, 51 F.3d 1480 (9th Cir. 1995).

While the present case is unusual procedurally, the *Rancho San Juan* and *Melendez* plaintiffs are functionally the same as defendants for purposes of the Voting Rights Act. They certainly did not bring an action to enforce the Voting Rights Act; the issue arose only because the County raised it as a defense and removed the case to District Court. And as to the *Madrigal* and *Rangel* cases that were consolidated, Rancho San Juan and Melendez plaintiffs were functionally in the position of defendants in those cases as well. Therefore, they cannot seek attorney's fees against the County unless they can show that they were trying to assert Voting Rights Act grievances or that the County's assertion of the voting Right Act was frivolous or unreasonable.

The plaintiffs try to get around this by asserting that they were seeking to compel an election and therefore were seeking to rectify voting grievances. Such an argument distorts the Voting Rights Act.

To begin, section 1973 *l* awards fees for an action to enforce the voting guarantees of the 14th or 15th Amendments. There is no claim anywhere in any of the plaintiffs' papers that their 14th or 15th amendment rights have been violated. Rather, their petition and subsequent arguments argue only that state law requires their initiative and referendum measures to be voted upon. Indeed, the *Rancho San Juan* and *Melendez* plaintiffs have expressly told the Court that their action is one not involving such claims, but that rather they are "alleging only state-law claims." *See* Rancho San Juan Opposition Coalition's Memorandum of Points and Authorities in Support of Motion for Summary Judgment (Doc. 44), filed 11/06/2006, at p. 13, l. 1.

214369_1.DOC          - 5 -
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CLARIFY OR ALTER JUDGMENT

Nor is there any argument that the County's actions in not placing the matter on the ballot were frivolous or unreasonable. To the contrary, this Court found they were the correct actions in the initiative case, and the plaintiffs were successful only after the 9th Circuit reversed itself.

In sum, plaintiffs do not show either of the two things that must be shown to collect attorney's fees under the Voting Rights Act.

### C. The Plaintiffs are not Entitled to Fees Under State Law

As Defendants pointed out in their initial memorandum, in the absence of a specific arbitrary statute, the federal courts do not allow attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 248 (1975). As Moore's treatise states, where there is federal question jurisdiction, state fee shifting statutes "generally are inapplicable." 10 *Moore's Federal Practice 3d* § 54.171[5]. The exceptions are diversity cases and pendent claims – but these cases involve neither. Nowhere do plaintiffs cite a statute entitling them to use the state fee shifting statute under federal law; and as will be seen, there is no case authority for that either.

To counter this strong rule, plaintiffs try to argue this case is not before this court because of federal question jurisdiction. Opposition, at p. 9, ll. 14-15. But this is contrary to what they have told this Court before. Previously, they told the Court that the Voting Rights Act defense was the basis of the Court's "subject matter jurisdiction" which allowed the court to proceed. Rancho San Juan Opposition Coalition's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, (Doc. 44), filed 11/06/2006, at p. 13, ll. 9-12. They were of course correct the first time. Just because the case was removed on the basis of a defense does not mean it is not before this court on a federal question. The Supreme Court and Moore's therefore provide the relevant guidance. Unless plaintiffs can show some express federal authorization to apply the state law fee shifting statute, then they cannot get attorney's fees.

Plaintiffs also fail to supply any statute that allows state attorneys fees provisions to apply in Voting Rights Act litigation. Rather, they state that case law, namely *Bouman v. Bloch*, 940 F.2d 1211, 1237 (9th Cir. 1991) allows this. But that case refers to a situation where a plaintiff was successful on parallel federal and state claims, and the fees were awarded under the state claim. That has no applicability to this case where the litigation involved Voting Rights Act issue and there is no parallel

state claim. The same is true in the other cases cited by plaintiffs, where they prevailed on pendent state claims. These cases involved the Voting Rights Act, not state law issues (except for the fact the parties briefly discussed state law issues in *Melendez*, but the Court did not address them in its opinion).

Even if plaintiffs were otherwise correct—that is, that this is something like a pendent claim—it is apparent that federal preemption would apply. *Guimond v. Trans Union Credit Information Company*, 45 F.3d 1329 (9th Cir. 1995), is on point. There the plaintiff brought actions under parallel federal and state credit reporting statutes. The federal statute permitted attorney's fees to be awarded to plaintiffs; and the state statute permitted fees to be awarded to the prevailing party. The Ninth Circuit held that attorney's fees could not be awarded under the state statue, because attorney's fees were not proper under the federal statute. *Id*. at p. 1336-1337. The Court reasoned that permitting an award of attorney's fees under a state statute following the unsuccessful assertion of a federal law or right would have a chilling effect on those asserting federal claims. *Id*. The same is true here. To award plaintiffs fees for the County's unsuccessful assertion of a right under the Voting Rights Act, absent a showing of frivolousness, unreasonableness or bad faith, would have a chilling effect on other litigants seeking to assert rights or claims under the Voting Rights Act. That is a policy decision already made by Congress and backed up by the courts. Plaintiffs' position is contrary to the decisions that permit such fees only where there was frivolousness or bad faith involved. *Guimond* makes clear that the doctrine applies to state statutes that would otherwise allow fees, when the federal statute does not. *Texas A & M Research Foundation v. Magna Transportation Inc.*, 338 F. 3d 394, 406 (5th Cir. 2003) [maritime law preempts state attorney's fee states] and *Southworth Machine Company v. F/V Corey Pride*, 994 F.2d 37, 41-42 (1st Cir. 1993) [state statute permitting award absent bad faith conflicts with maritime laws] are in accord.

Plaintiffs misconstrue this point in their Opposition, at n. 13. first, they state that *Guimond* reversed only because the state law claim was reversed. They totally ignore the Court of Appeal's statement that the determination on attorney's fees was the same regardless: "Even if Trans Union were to succeed on Guimond's [state] claims, however an award...is inappropriate in the present case. To allow such an award to stand would have a chilling effect on consumer claims challenging ...." *Guimond, supra*, at p. 1336. The case governs the result here.

1  Further, plaintiffs purport to criticize defendants for arguing that the Voting Rights Act Fee
2  statute does not apply, and then saying it preempts the state statute. They miss the point. The statute
3  does apply to this Voting Rights Act case. It would have been available to the County or to the *Rangel*
4  and *Madrigal* plaintiffs. It is not available to the *Melendez* and *Rancho San Juan* plaintiffs, because
5  there is no frivolousness or bad faith involved. The whole point is the Congress and the courts
6  interpreting Congress's will have stated that the state statute will not be available in such a
7  circumstance.

## III.  CONCLUSION

The *Melendez* and *Rancho San Juan* plaintiffs are not entitled to an award of attorney's fees in their judgment because they have not yet brought a fees motion; the Voting Rights Act does not permit an award, unless the assertion of the Voting Rights Act was frivolous, unreasonable or in bad faith; and there is no federal authority permitting such recovery for plaintiffs under the state statute, which has also been preempted.

Dated: May 7, 2007                    NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

                                      / S /
                                      By:_____
                                         STEPHEN N. ROBERTS

                                      Attorneys for Defendants
                                      COUNTY OF MONTEREY, THE BOARD OF
                                      SUPERVISORS OF THE COUNTY OF MONTEREY, AND
                                      ANTHONY ANCHUNDO